IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| Jeffrey Parchman and Nancy Carlin, individually and on behalf of all others similarly situated, | ] ] ] ] | |
| Plaintiffs, | ] ] | Case No: 2:15-cv-02819-JTF-cgc JURY DEMAND |
| v. | ] ] | Judge John T. Fowlkes, Jr. Magistrate Charmiane G. Claxton |
| SLM Corporation, Navient Corporation, Navient Solutions Inc. f/k/a Sallie Mae Inc., and Sallie Mae Bank, | ] ] ] ] | |
| Defendants. | ] | |

**PLAINTIFFS' MOTION TO DEEM REQUESTS FOR ADMISSION ADMITTED**

Pursuant to Federal Rule of Civil Procedure 36(a)(6), Plaintiffs respectfully move to deem their requests for admission to Defendant Sallie Mae Bank admitted. On August 17, 2016 Plaintiffs sent 18 requests for admission to Defendant, and on September 21, 2016 Defendant served responses objecting to every request and otherwise refusing to answer them. *See* Exhibit A attached hereto. Every response was the same boilerplate objection:

> Sallie Mae objects to this Request on the grounds, among others, that: (i) it seeks a legal conclusion; and (ii) it seeks information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine.

*Id.* This was so even for the most innocuous of requests, such as:

**REQUEST FOR ADMISSION NO. 8:**

The telephone calls shown on Exhibit A were made to Jeffrey Parchman's cellular telephone.

**RESPONSE TO REQUEST NO. 8:**

Sallie Mae objects to this Request on the grounds, among others, that: (i) it seeks a legal conclusion; and (ii) it seeks information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine.

*Id.*

In any event, Defendant's objections are improper for a number of reasons. First, as noted by one of the district courts in this state: "The use of such boilerplate objections by any party is of no use." *Bridgestone Americas, Inc. v. IBM*, No. 3:13-cv-1196, 2016 U.S. Dist. LEXIS 101674, at *17 n.2 (M.D. Tenn. Jan. 12, 2016). Second, Rule 36 explicitly rejects objections arguing that the request calls for legal conclusion: "A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to… facts, **the application of law to fact, or opinions about either**." USCS Fed Rules Civ Proc R 36(a)(1)(A) (emphasis added). Third, Defendant has failed to support its claim of privilege and work-product protection as required by Rule 26:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must… describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

USCS Fed Rules Civ Proc R 26(b)(5)(A)(ii).

Defendant had a duty to respond to Plaintiffs' requests in good faith, which it did not do. *See McCarthy v. Ameritech Publ., Inc.*, 763 F.3d 488, 494 (6th Cir. 2014) (quoting approvingly:

"[A]n important purpose of the expense-shifting sanction codified in Rule 37(c)(2) is to establish incentives for litigants to respond reasonably and in good faith to appropriate requests for admissions.") (internal quotations omitted).  The responses do not comply with Rule 36, and per the rule the Court should, "[o]n finding that an answer does not comply with this rule… order… that the matter is admitted."

The Court should also award Plaintiffs their expenses incurred in making this motion, including attorney fees.  Rule 36(a)(6) specifically states that "Rule 37(a)(5) applies to an award of expenses," which in turn dictates:

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court **must**, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

USCS Fed Rules Civ Proc R 37(a)(5)(A) (emphasis added).  The Sixth Circuit Court of Appeals has explained:

> If a party serves another party with a request for admission under Rule 36(a)(1), and the requesting party is dissatisfied with the sufficiency of the answer, the requesting party may ask the court to intervene. If the court intervenes on behalf of the requesting party, Rule 36(a)(6) permits the court to award any fees and expenses available under Rule 37(a)(5)— including fees and expenses incurred in making the motion.
> …
>
> To harmonize Rule 37(c)(2) with other Rule 37 provisions serving a substantially similar purpose, we interpret the scope of Rule 37(c)(2) to encompass reasonable attorney's fees and costs associated with the preparation and presentation of the fee application. Because Rule 37(c)(2) requires rather than merely permits the district court to make the award, the district court's discretion is circumscribed. Only fees and costs that the court determines to be unreasonable may be withheld.

*McCarthy v. Ameritech Publ., Inc.*, 763 F.3d 488, 493-94 (6th Cir. 2014) (internal quotations and citations omitted).  Plaintiffs ask the Court to intervene, to deem their requests admitted, and to award them their expenses incurred in making this motion.

Respectfully Submitted,

**THE HIGGINS FIRM, PLLC**

**/s/ Benjamin J. Miller**
**BENJAMIN J. MILLER, BPR No. 25575**
525 4th Ave. South
Nashville, TN 37210
(615) 353-0930
ben@higginsfirm.com

**JAMES A. DUNLAP JR.**
Georgia State Bar No. 003280
**JAMES A. DUNLAP JR. & ASSOCIATES LLC**
4403 Northside Parkway NW Suite 1413
Atlanta, Georgia 3032
404-354-2363
404-745-0195 (fax)
jim@jamesdunlaplaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2017 this document was served via the Court's CM/ECF email notification system on:

Lisa M. Simonetti
**Vedder Price (CA), LLP**
1925 Century Park E., Suite 1900
Los Angeles, CA 90067
(424) 204-7700
lsimonetti@vedderprice.com

Odell Horton, Jr.
**Wyatt, Tarrant & Combs, LLP**
1715 Aaron Brenner Dr.
Suite 800
Memphis, TN 38120-4367
(901) 537-1000
ohorton@wyattfirm.com

**/s/ Benjamin J. Miller**
**BENJAMIN J. MILLER**