IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JEFFREY PARCHMAN and NANCY CARLIN, individually and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>SLM CORPORATION, NAVIENT CORPORATION, NAVIENT SOLUTIONS INC. f/k/a SALLIE MAE, INC., and SALLIE MAE BANK,<br><br>  Defendants. | Case No. 2:15-cv-02819-JTF-CGC |

### DEFENDANT SALLIE MAE BANK'S RESPONSE TO PLAINTIFFS JEFFREY PARCHMAN AND NANCY CARLIN'S FIRST REQUEST FOR ADMISSION

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, defendant Sallie Mae Bank ("Sallie Mae") hereby responds and objects to the First Set of Requests for Admission (the "Requests") propounded by Plaintiffs Jeffrey Parchman and Nancy Carlin (together, "Plaintiffs") as follows:

### PRELIMINARY STATEMENT

Sallie Mae responds to the Requests based upon the investigation conducted in the time available since service of the Requests. As of the date of these Responses, Sallie Mae has had an insufficient opportunity to review all documents, interview all personnel and otherwise obtain information that may prove relevant in this case, including, without limitation, through discovery of Plaintiffs and/or third parties. As a consequence, Sallie Mae's Responses are based upon information now known to Sallie Mae and that Sallie Mae believes to be relevant to the subject matter covered by the Requests. In the future, Sallie Mae may discover or acquire additional

information, or may discover documents currently in its possession, bearing upon the Requests and Sallie Mae's Responses thereto. Without in any way obligating itself to do so, Sallie Mae reserves the right: (A) to make subsequent revisions, supplementation or amendments to these Responses based upon any information, evidence, documents, facts and things that hereafter may be discovered, or the relevance of which may hereafter be discovered; and (B) to produce, introduce or rely upon additional or subsequently acquired or discovered writings, evidence and information at trial or in any pretrial proceedings held herein. Sallie Mae incorporates this Preliminary Statement into each Response herein as if fully set forth.

## GENERAL OBJECTIONS

1. Subject to the Preliminary Statement and to every general and specific objection stated herein, Sallie Mae responds to the Requests as set forth below. Sallie Mae's statements in response to the Requests shall not be construed to be a waiver of any of the general or specific objections interposed herein.

2. Sallie Mae objects to the Requests to the extent that they seek to impose burdens on Sallie Mae that are inconsistent with, or in addition to, its discovery obligations pursuant to the Federal Rules of Civil Procedure and/or the Local Rules of this Court. Sallie Mae will respond consistent with the applicable requirements.

3. Sallie Mae objects to the Requests to the extent that they are not limited to a time period relevant or even proximate to the events at issue in this action.

4. Sallie Mae objects to the Requests to the extent that they are vague and ambiguous.

5. Sallie Mae objects to the Requests to the extent that they are overly broad, unduly burdensome and harassing.

6. Sallie Mae objects to the Requests to the extent that they seek the admission of facts that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, applicable regulatory privileges, or any other applicable privilege or immunity.

7. Sallie Mae objects to the Requests to the extent that they seek the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

8. Sallie Mae objects to the Requests to the extent that they seek confidential, proprietary business information that belongs to Sallie Mae. Sallie Mae will disclose any such confidential information upon the execution by the parties, and entry by the Court, of an appropriate Stipulation re Confidentiality Agreement and Protective Order.

9. Sallie Mae incorporates the Preliminary Statement and the general objections into each Response herein as if fully set forth. Without waiving any of the foregoing objections, all of which are incorporated by reference in the specific Responses below, Sallie Mae responds as follows.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR ADMISSION NO. 1:**

SMB is a corporation and a "person" as defined by 47 U.S.C. § 153(39).

**RESPONSE TO REQUEST NO. 1:**

Sallie Mae objects to this Request on the grounds, among others, that: (i) it seeks information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine; and (ii) it seeks a legal conclusion.

**REQUEST FOR ADMISSION NO. 2:**

Exhibit A shows one or more phone calls made by SMB to Plaintiff Jeffrey Parchman on his cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(l).

**RESPONSE TO REQUEST NO. 2:**

Sallie Mae objects to this Request on the grounds, among others, that: (i) it seeks a legal conclusion; and (ii) it seeks information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine.

**REQUEST FOR ADMISSION NO. 3:**

All the phone calls shown on Exhibit A were made by SMB to Plaintiff Jeffrey Parchman on his cellular telephone and occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(l).

**RESPONSE TO REQUEST NO. 3:**

Sallie Mae objects to this Request on the grounds, among others, that: (i) it seeks a legal conclusion; and (ii) it seeks information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine.

**REQUEST FOR ADMISSION NO. 4:**

The telephone number that SMB and/or other affiliates or subsidiaries of SMB used to contact Plaintiff Jeffrey Parchman, made by an "automatic telephone dialing system," was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

**RESPONSE TO REQUEST NO. 4:**

Sallie Mae objects to this Request on the grounds, among others, that: (i) it seeks a legal conclusion; and (ii) it seeks information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine.

**REQUEST FOR ADMISSION NO. 5:**

None of the calls SMB made to Plaintiff Jeffrey Parchman constituted calls not for emergency purposes as defined by 47 U.S.C. § 227(b)(l)(A).

**RESPONSE TO REQUEST NO. 5:**

Sallie Mae objects to this Request on the grounds, among others, that: (i) it seeks a legal conclusion; and (ii) it seeks information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine.

**REQUEST FOR ADMISSION NO. 6:**

The telephone calls shown on Exhibit A constituted calls not for emergency purposes as defined by 47 U.S.C. § 227(b)(l)(A).

**RESPONSE TO REQUEST NO. 6:**

Sallie Mae objects to this Request on the grounds, among others, that: (i) it seeks a legal conclusion; and (ii) it seeks information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine.

**REQUEST FOR ADMISSION NO. 7:**

The telephone calls shown on Exhibit A were made to Jeffrey Parchman's phone number without his prior express consent.

**RESPONSE TO REQUEST NO. 7:**

Sallie Mae objects to this Request on the grounds, among others, that: (i) it seeks a legal conclusion; and (ii) it seeks information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine.

**REQUEST FOR ADMISSION NO. 8:**

The telephone calls shown on Exhibit A were made to Jeffrey Parchman's cellular telephone.

**RESPONSE TO REQUEST NO. 8:**

Sallie Mae objects to this Request on the grounds, among others, that: (i) it seeks a legal conclusion; and (ii) it seeks information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine.

**REQUEST FOR ADMISSION NO. 9:**

Plaintiff Jeffrey Parchman did not provide "express consent" allowing SMB or other affiliates or subsidiaries of SMB to place telephone calls to Plaintiff Jeffrey Parchman's cellular phone by an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(l)(A).

**RESPONSE TO REQUEST NO. 9:**

Sallie Mae objects to this Request on the grounds, among others, that: (i) it seeks a legal conclusion; and (ii) it seeks information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine.

**REQUEST FOR ADMISSION NO. 10:**

Neither SMB nor other affiliates or subsidiaries of SMB made telephone calls to Plaintiff Jeffrey Parchman's cellular phone "for emergency purposes" placed by an "automatic telephone dialing system," as described in 47 U.S.C. § 227(b)(1)(A).

**RESPONSE TO REQUEST NO. 10:**

Sallie Mae objects to this Request on the grounds, among others, that: (i) it seeks a legal conclusion; and (ii) it seeks information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine.

**REQUEST FOR ADMISSION NO. 11:**

A telephone dialing system that can dial without human intervention was used by SMB to call Plaintiff Jeffrey Parchman one or more times as shown in Exhibit A.

**RESPONSE TO REQUEST NO. 11:**

Sallie Mae objects to this Request on the grounds, among others, that: (i) it seeks a legal conclusion; and (ii) it seeks information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine.

LOS_ANGELES/#20391.2

**REQUEST FOR ADMISSION NO. 12:**

A telephone dialing system that possesses a present or future capacity to store, produce, or dial numbers using a random or sequential number generator was used by SMB to call Plaintiff Jeffrey Parchman one or more times as shown in Exhibit A.

**RESPONSE TO REQUEST NO. 12:**

Sallie Mae objects to this Request on the grounds, among others, that: (i) it seeks a legal conclusion; and (ii) it seeks information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine.

**REQUEST FOR ADMISSION NO. 13:**

A telephone dialing system that can dial predictively or dial automatically from a list of numbers was used by SMB to call Plaintiff Jeffrey Parchman one or more times as shown in Exhibit A.

**RESPONSE TO REQUEST NO. 13:**

Sallie Mae objects to this Request on the grounds, among others, that: (i) it seeks a legal conclusion; and (ii) it seeks information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine.

**REQUEST FOR ADMISSION NO. 14:**

A telephone dialing system that is an example of software coupled with hardware that had a present or future capacity to dial predictively was used by SMB to call Plaintiff Jeffrey Parchman one or more times as shown in Exhibit A.

**RESPONSE TO REQUEST NO. 14:**

Sallie Mae objects to this Request on the grounds, among others, that: (i) it seeks a legal conclusion; and (ii) it seeks information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine.

**REQUEST FOR ADMISSION NO. 15:**

A telephone dialing system that can place a telephone call using an artificial or a prerecorded voice was used by SMB to call Plaintiff Jeffrey Parchman one or more times as shown in Exhibit A.

**RESPONSE TO REQUEST NO. 15:**

Sallie Mae objects to this Request on the grounds, among others, that: (i) it seeks a legal conclusion; and (ii) it seeks information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine.

**REQUEST FOR ADMISSION NO. 16:**

A telephone dialing system permitting the placement of outbound calls with the automatic creation of a log entry to document the placement of the call was used by SMB to call Plaintiff Jeffrey Parchman one or more times as shown in Exhibit A.

**RESPONSE TO REQUEST NO. 16:**

Sallie Mae objects to this Request on the grounds, among others, that: (i) it seeks a legal conclusion; and (ii) it seeks information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine.

**REQUEST FOR ADMISSION NO. 17:**

A telephone dialing system that permits the placement of outbound calls without the automatic creation of a log entry to document the placement of the call was used by SMB to call Plaintiff Jeffrey Parchman one or more times as shown in Exhibit A.

**RESPONSE TO REQUEST NO. 17:**

Sallie Mae objects to this Request on the grounds, among others, that: (i) it seeks a legal conclusion; (ii) it seeks information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine.

**REQUEST FOR ADMISSION NO. 18:**

A telephone dialing system that records incoming or outgoing calls was used by SMB to call Plaintiff Jeffrey Parchman one or more times as shown in Exhibit A.

**RESPONSE TO REQUEST NO. 18:**

Sallie Mae objects to this Request on the grounds, among others, that: (i) it seeks a legal conclusion; and (ii) it seeks information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine.

Dated: September 21, 2016

Respectfully submitted,

SALLIE MAE BANK

By: /s/ Lisa M. Simonetti
     Lisa Simonetti

Lisa M. Simonetti
Vedder Price (CA), LLP
1925 Century Park East, Suite 1900
Los Angeles, California 90067
T: +1 (424) 204-7700

## CERTIFICATE OF SERVICE

I hereby certify that, on September 21, 2016, a copy of the foregoing **DEFENDANT SALLIE MAE BANK'S RESPONSE TO PLAINTIFFS JEFFREY PARCHMAN AND NANCY CARLIN'S FIRST REQUEST FOR ADMISSION** was served by electronic mail on the party listed below:

> Benjamin J. Miller
> The Higgins Firm, PLLC
> 525 4th Avenue South
> Nashville, TN 37210
>
> James A. Dunlap, Jr.
> JAMES A. DUNLAP, JR. & ASSOCIATES, LLC
> 310 Windsor Gate Cove, NE
> Atlanta, GA 30342

/s/ *Lisa M. Simonetti*
Lisa M. Simonetti