IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| **Jeffrey Parchman and Nancy Carlin,** individually and on behalf of all others similarly situated, | ] ] ] ] | |
| Plaintiffs, | ] ] | Case No: 2:15-cv-02819-JTF-cgc |
| | ] | JURY DEMAND |
| v. | ] ] | Judge John T. Fowlkes, Jr. Magistrate Charmiane G. Claxton |
| **SLM Corporation, Navient Corporation, Navient Solutions Inc. f/k/a Sallie Mae Inc., and Sallie Mae Bank,** | ] ] ] ] | |
| Defendants. | ] | |

## PLAINTIFFS' MOTION TO COMPEL 30(b)(6) DESIGNATION

Pursuant to Federal Rules of Civil Procedure 37(a)(3)(B)(ii), Plaintiffs respectfully move to compel Defendant Sallie Mae Bank to designate one or more witnesses to testify under Rule 30(b)(6). On December 16, 2016 Plaintiffs sent a properly issued 30(b)(6) notice to Defendant, and on January 4, 2017 Defendant served a response objecting to every requested topic and otherwise failing to designate one or more witnesses to testify. *See* Exhibit A attached hereto. Every response was the same boilerplate objection:

> SMB objects to this Topic Matter on the grounds that: (i) it is vague and ambiguous; (ii) it is overly broad, unduly burdensome and harassing; (iii) it seeks testimony that is neither relevant nor proportional to the needs of this action; and (iv) it seeks confidential, proprietary business information that belongs to SMB.

Defendant's failure to designate is improper for a couple of reasons.  First, as noted by one of the district courts in this state: "The use of such boilerplate objections by any party is of no use."  *Bridgestone Americas, Inc. v. IBM*, No. 3:13-cv-1196, 2016 U.S. Dist. LEXIS 101674, at *17 n.2 (M.D. Tenn. Jan. 12, 2016).  Second, Rule 37(d)(2) makes clear that failure to act "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)."  USCS Fed Rules Civ Proc R 37.  Defendant has filed no such motion.

Rule 37(a)(3)(B)(ii) provides that a "party seeking discovery may move for an order compelling [a] designation… if a corporation or other entity fails to make a designation under Rule 30(b)(6)."  USCS Fed Rules Civ Proc R 37.  Defendant has so failed, and the Court should compel a designation.

The Court should also award Plaintiffs their expenses incurred in making this motion, including attorney fees.  Rule 37(a)(5) dictates:

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court **must**, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

USCS Fed Rules Civ Proc R 37(a)(5)(A) (emphasis added).  Plaintiffs ask the Court to intervene, to compel Defendant to make a designation under Rule 30(b)(6), and to award them their expenses incurred in making this motion.

Respectfully Submitted,

**THE HIGGINS FIRM, PLLC**

**/s/ Benjamin J. Miller**
**BENJAMIN J. MILLER, BPR No. 25575**
525 4th Ave. South
Nashville, TN 37210
(615) 353-0930
ben@higginsfirm.com

**JAMES A. DUNLAP JR.**
Georgia State Bar No. 003280
**JAMES A. DUNLAP JR. & ASSOCIATES LLC**
4403 Northside Parkway NW Suite 1413
Atlanta, Georgia  3032
404-354-2363
404-745-0195 (fax)
jim@jamesdunlaplaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2017 this document was served via the Court's CM/ECF email notification system on:

Lisa M. Simonetti
**Vedder Price (CA), LLP**
1925 Century Park E., Suite 1900
Los Angeles, CA 90067
(424) 204-7700
lsimonetti@vedderprice.com

Odell Horton, Jr.
**Wyatt, Tarrant & Combs, LLP**
1715 Aaron Brenner Dr.
Suite 800
Memphis, TN 38120-4367
(901) 537-1000
ohorton@wyattfirm.com

**/s/ Benjamin J. Miller**
**BENJAMIN J. MILLER**