**(UNREDACTED)**

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TENNESSEE

WESTERN DIVISION

---

```
JEFFREY PARCHMAN,               )
on behalf of himself and all    )
others similarly situated,      )
                                )
            Plaintiff,          )
                                )
        VS.                     )  NO. 15-2819
                                )
SLM CORPORATION, ET AL.,        )
                                )
            Defendants.         )
```

---

STATUS CONFERENCE

BEFORE THE HONORABLE JOHN T. FOWLKES, JR., JUDGE

FRIDAY MORNING

JANUARY 27, 2017

LYNN DUDLEY
OFFICIAL REPORTER
FOURTH FLOOR FEDERAL BUILDING
MEMPHIS, TENNESSEE 38103

A P P E A R A N C E S

Appearing on behalf of the Plaintiff:

    JAMES A. DUNLAP, JR. &
    ASSOCIATES, LLC
    310 WINDSOR GATE COVE, NE
    ATLANTA, GEORGIA 30342
    BY:  JAMES A. DUNLAP, JR., ESQ.
        ATTORNEY AT LAW


Appearing on behalf of the Plaintiff:

    THE HIGGINS FIRM
    525 4TH AVENUE S
    NASHVILLE, TENNESSEE 37210
    BY:  BEN MILLER, ESQ.
        ATTORNEY AT LAW

Appearing on behalf of the Defendant:

    VEDDER PRICE CA, LLP
    1925 CENTURY PARK E.
    LOS ANGLES, CALIFORNIA 90067
    BY:  LISA M. SIMONETTI, ESQ.
        ATTORNEY AT LAW

Appearing on behalf of the Defendant:

    WYATT, TARRANT & COMBS
    6075 POPLAR AVENUE
    MEMPHIS, TENNESSEE 38119
    BY:  ODELL HORTON, JR., ESQ.
        ATTORNEY AT LAW

# **W I T N E S S   I N D E X**

| **WITNESS** | **PAGE** | **LINE** |
|---|---|---|

NO WITNESSES

# **E X H I B I T   I N D E X**

**EXHIBIT NUMBER**                                              **PAGE   LINE**

NO EXHIBITS

|    |                                                                      |
|----|----------------------------------------------------------------------|
| 1  | **FRIDAY MORNING**                                                   |
| 2  | **JANUARY 27, 2017**                                                 |
| 3  | The status conference in this case began                             |
| 4  | on this date, Friday, January 27, 2017, at nine                      |
| 5  | o'clock a.m., when and where evidence was introduced                 |
| 6  | and proceedings were had as follows:                                 |
| 7  |                                                                      |
| 8  | ------------------------                                             |
| 9  |                                                                      |
| 10 | **THE CLERK:**  Hi, good morning.                                    |
| 11 | This is Ross Herrin, Judges Fowlkes' case                            |
| 12 | manager.                                                             |
| 13 | May I ask who we have online, please?                                |
| 14 | **MR. MILLER:**  Good morning, this is Ben                           |
| 15 | Miller.                                                              |
| 16 | **MR. DUNLAP:**  Good -- good morning.                               |
| 17 | Jim Dunlap for plaintiffs.                                           |
| 18 | **THE CLERK:**  Good morning, Mr. Miller and                         |
| 19 | Mr. Dunlap.                                                          |
| 20 | We are running a little bit behind this                              |
| 21 | morning, we've got two criminal matters set first.                   |
| 22 | I'm going to see if judge, maybe since you are on                    |
| 23 | line already, we could take yours first.                             |
| 24 | Judge is not here yet.  I'm hoping that he                           |
| 25 | will arrive within the next five to ten minutes.                     |

```
 1              MR. MILLER:  Do -- do we have anybody for
 2   the defendants?
 3              THE CLERK:  Mr. Simonetti is here.
 4              And what's the gentleman's name?
 5              MS. SIMONETTE:  Horton.
 6              THE CLERK:  Oh, Mr. Horton is here, yes.
 7              MR. MILLER:  Okay.  I just wanted to make
 8   sure.
 9              THE CLERK:  So we can either do it one of
10   two ways, I can either have you hold, it's possible
11   you might get kicked off and have to call back in or
12   just have you call back in maybe about 15 minutes,
13   either way.
14              MR. MILLER:  I'm -- I'm -- either way is
15   fine with me, I'm happy to call back in in 15
16   minutes if that's convenient.
17              THE CLERK:  All right.  I think that's
18   maybe what we will do is I'll just have you call
19   back in.
20              Oh, well, Judge -- I just got word has
21   just walked in the door.  If you will just hold,
22   please.
23              MR. MILLER:  Okay, sure.
24              THE CLERK:  I'll let him know you are here
25   and get back with you in probably about five
```

1  minutes.
2  **MR. MILLER:** Okay.
3  **THE CLERK:** Thank you.
4  (Recess.)
5  **THE CLERK:** All rise.
6  This Honorable United States District
7  Court for the Western District of Tennessee is now
8  in session pursuant to adjournment.
9  The Honorable John T. Fowlkes, Jr.
10 presiding.
11 God save the United States and this
12 Honorable Court.
13 Please be seated.
14 **THE COURT:** All right. I'm going to take
15 up this civil case first, Parchman versus SLM.
16 It's an interesting filing in this case.
17 I first would like to get everyone to
18 identify themselves for the record, please.
19 Who is representing plaintiff today?
20 **MR. MILLER:** Good morning, Your Honor.
21 This is Ben Miller of the Nashville bar on
22 the phone along with Jim Dunlap.
23 **THE COURT:** Okay. Is Mr. Dunlap there,
24 too?
25 **MR. DUNLAP:** Yes, I am, Your Honor.

1              Good morning.
2              **THE COURT:**  Good morning.
3              Who is representing the defendant?
4              **MS. SIMONETTE:**  Good morning, Your Honor,
5     Lisa Simonetti of Vedder Price for the defendant.
6              **MR. HORTON:**  Odell Horton, Jr. with Wyatt
7     Tarrant & Combs.
8              **THE COURT:**  All right.  Just for the
9     record, this is a case that has been continued or
10    requests for additional time have been granted.  I
11    thought that the parties were moving forward with a
12    decent possibility of settlement, negotiations,
13    things of that nature.
14             There's another motion for more time that
15    was filed recently.  The reasons for that and the
16    request and the information from the plaintiff, and
17    then all the additional motions filed by the
18    plaintiff, they raise an eyebrow, I guess I'll say
19    it like that.
20             So I decided that we would go forward with
21    the status and take up all that today.
22             Well, I got the status reports from
23    Ms. Simonetti -- am I pronouncing that right?
24             **MS. SIMONETTE:**  Simonetti, Your Honor.
25             **THE COURT:**  Simonetti.

1          And then also a second one from
2  Mr. Dunlap.
3          Mr. Miller, have you read those status
4  reports?
5          **MR. MILLER:**  Yes, Your Honor.
6          **THE COURT:**  Any comments?
7          **MR. MILLER:**  Your Honor, I you know,
8  the -- the status report that we filed in response
9  was intended to -- to shed a little bit more light
10 on the status report that was filed by the
11 defendants.
12         And I would agree with Your Honor on the
13 basis for the prior request for more time.  This --
14 this case has not been inactive, it has not been
15 stagnant.  The parties have, despite the recent
16 filings, worked together fairly well in terms of --
17 of trying to -- to investigate the possibility for
18 an early resolution on -- on -- on -- on both of --
19 of, I guess I will say this, the named plaintiffs
20 fronts, even though we have sort of a fundamental
21 disagreement on Ms. Carlin (phonetic) and whether or
22 not this is the proper court for her claim.
23         The parties have done the last -- engaged
24 in some formal discovery for Mr. Parchman --
25         **THE COURT:**  Mr. Miller --

1      **MR. MILLER:**  -- and we've completed --

2      **THE COURT:**  -- Mr. Miller -- Mr. Miller --

3      **MR. MILLER:**  -- mediation -- yes.

4      **THE COURT:**  It seems as though you have

5   all been working along, and I understand how

6   sometimes those discussions breakdown, but I'm more

7   concerned with the date that your client died and

8   moving forward with negotiations, with mediation,

9   without properly notifying this court of it.  And

10  whether there have been ethical violations that I

11  need to take action on.

12          I just want to know if you have any

13  comment on that?

14      **MR. MILLER:**  Your Honor, you know, we --

15  we tried to -- to -- to set forth in our status

16  report that we alerted both -- both defense counsel

17  and the court as soon as we became aware that --

18  that Mr. Parchman had died.

19          I mean, we have been sending him regular

20  updates by -- by leaving messages on his phone as

21  well as by e-mail, and never had any indication that

22  there was a problem because these were -- they

23  were -- they were updates that we were sending to

24  him.  We were not asking for him to get back in

25  touch with us about those updates.

1            Again, no request for a deposition had
2    been made prior to that time, no discovery had been
3    sent to him prior to that time, no settlement offers
4    had been made to him by that time.  So there was --
5    there was no reason for us to need to hear back from
6    him in response to our updates to him.
7            And as soon -- as soon as we learned -- as
8    soon as we learned that it was -- because when we
9    finally did need to hear back from him, because the
10   request to take his deposition was made following
11   the unsuccessful mediation, that's when we became
12   concerned that -- that we could not get in touch
13   with him.  And we were able to track down his mother
14   who -- who notified us.
15           **THE COURT:**  Are you saying that you didn't
16   know when your client died?
17           **MR. MILLER:**  That's correct, Your Honor.
18   We did -- we did not know until we -- we tried to
19   affirmatively get him to call us back to schedule
20   his deposition.
21           **THE COURT:**  Your client died eight months
22   ago and you didn't know until when, January, this
23   month?
24           **MR. MILLER:**  It was -- it was after the --
25   the failed mediation in December.

1        So defense counsel asked to take his
2   deposition after it became clear that we were not
3   going to be able to reach a class settlement.  And
4   we started our efforts to -- to get dates for
5   Mr. Parchman.  And, you know, when -- when he was
6   not calling us back, we became concerned and we were
7   able to get in touch with his mother who notified
8   us.
9        So I would -- I would say it was in
10  December, Your Honor.
11       **THE COURT:**  Mr. Dunlap, any comment,
12  anything you want to be heard at this time?
13       **MR. DUNLAP:**  Your Honor, it was just a
14  situation that I was, probably every 45 to 60 days
15  would send Mr. Parchman any -- any mail giving him a
16  status report or asking him to just check in.
17       And Mr. Parchman lives or lived in Ripley,
18  Tennessee.  And he -- it was not unusual for him to
19  be slow in returning a phone call from me.  But it
20  was in the spring of 2016 that I basically have been
21  able to complete all of the evidentiary duties with
22  Mr. Parchman.  And so we were proceeding on to the
23  discovery and the case.  And it was just something
24  that it did not appear out of the ordinary that I
25  would not hear from him.

1	And it was a situation where Mr. Parchman
2	apparently died -- died of a drug -- drug overdose.
3	And it was sudden and unexpected, and it was not
4	until we had received the deposition notice from the
5	defendants that then I, you know, really started to
6	try to track down Mr. Parchman. And then we were
7	finally able to speak with his mother and she
8	informed us of his -- of his death in December.
9	**THE COURT:** I will just say it just seems
10	incredible that this case could go on this long
11	without his lawyers knowing of his demise.
12	Let me hear from Ms. Simonette.
13	**MS. SIMONETTE:** Your Honor, I think we
14	have a very significant problem here. I have a
15	number of -- in fact, this case went to mediation
16	without any involvement with a named class
17	representative with a duty of that representative
18	with a fiduciary duty of that representative is to
19	monitor class counsel and to participate, and that
20	in and of itself is beyond imagination.
21	And, in fact, if this was known in
22	December and a notice of the death of Mr. Parchman
23	should have been filed in December.
24	The first we hear it is in January,
25	January 4th, they don't reveal the date of the death

1   of Mr. Parchman, I find it on my own.  And then what
2   they file next is a motion to compel, to amend in
3   this court on January 15th.
4           So we have very extensive briefing under
5   way right now, Your Honor, and I would ask for one
6   more week to refine them, we will be filing a motion
7   to preclude certification.  And if I can have that
8   one week, I will get it all before you.
9           **THE COURT:**  All right, thank you.
10          We're not going to take anymore action
11  today.  I'm going to set the entire matter, all the
12  motions, you will have time to file, you will have
13  time to respond, I'm going to set it all for
14  hearing.  And at that time, once I hear in more
15  detail, you know, the circumstances, I will decide
16  how we are going to move forward.
17          But I -- I agree this is -- I've just
18  never seen a situation like this before.  And I just
19  want both -- both parties, all parties to have
20  plenty of opportunity to be heard, and I will decide
21  how we are going to move forward.
22          So go ahead and file whatever you need to.
23          I'm going to set the hearing off about --
24  it will be about three to four weeks because of my
25  trial calendar.

1           And as far as discovery is concerned and
2  all those issues, I'm going to stay all of that,
3  we're not moving forward with anything like that.  I
4  will deal with any motions that have been filed and
5  the responses on the hearing date, although I was
6  ready to rule on some of them today.  But I will
7  hold off until I get more briefing as well as be
8  able to hear from the various parties and
9  representatives on our hearing date.
10           Mr. Miller, I would like you for to be
11 here rather than by --
12           **MR. MILLER:**  I will be there, Your Honor.
13           **THE COURT:**  -- phone at the next date,
14 also Mr. Dunlap.
15           **MR. DUNLAP:**  Oh, yes, Your Honor.
16           **THE COURT:**  So pull out your calendars,
17 we need to go ahead and get a hearing date.
18           Please check your calendars, it's further
19 off than I really want, but March 15th.
20           **MS. SIMONETTE:**  Yes, Your Honor, that's
21 fine.
22           **THE COURT:**  That's fine?
23           **MS. SIMONETTE:**  Yes.
24           **THE COURT:**  Mr. Miller, Mr. Dunlap.
25           **MR. MILLER:**  That's good, that's good,

```
 1  Your Honor, March 15th.
 2              THE COURT:  Yes, sir.
 3              MR. DUNLAP:  Your Honor, March 15th is
 4  fine.
 5              THE COURT:  All right.  Then, Mr. Horton.
 6              MR. HORTON:  Oh, that's fine, Your Honor,
 7  I'm sorry.
 8              THE COURT:  Good, okay.
 9              We will go ahead and set it at 9:30 on
10  March 15th.
11              As I said, go ahead and file what you need
12  to, that will give us plenty of time for response
13  and we will take up all the pending motions at that
14  time.
15              MS. SIMONETTE:  Thank you, Your Honor.
16              THE COURT:  Okay.  Are we clear?
17              MR. MILLER:  Thank you, Your Honor.
18              THE COURT:  All right.  I will see
19  everyone then.
20              MR. DUNLAP:  Thank you, Your Honor.
21              MR. HORTON:  Thank you, Your Honor.
22              (Adjournment.)
23
24
25
```

# **C E R T I F I C A T E**

      I, Lynn Dudley, do hereby certify that the foregoing 16 pages are, to the best of my knowledge, skill and ability, a true and accurate transcript from my stenotype notes of the status conference on January 27, 2017, in the matter of:

JEFFREY PARCHMAN

vs.

SLM CORPORATION, ET AL.

Dated this 3rd day of February 2017.

```
                        _____
                        Lynn Dudley
                        Official Court Reporter
                        United States District Court
                        Western District of Tennessee
```