## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| Jeffrey Parchman and Nancy Carlin, | ] | |
| individually and on behalf of all others | ] | |
| similarly situated, | ] | |
| | ] | |
| Plaintiffs, | ] | Case No: 2:15-cv-02819-JTF-cgc |
| | ] | JURY DEMAND |
| v. | ] | Judge John T. Fowlkes, Jr. |
| | ] | Magistrate Charmiane G. Claxton |
| SLM Corporation, Navient Corporation, | ] | |
| Navient Solutions Inc. f/k/a Sallie Mae | ] | |
| Inc., and Sallie Mae Bank, | ] | |
| | ] | |
| Defendants. | ] | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT SALLIE MAE BANK'S COMBINED MOTION TO PRECLUDE CLASS CERTIFICATION AND OPPOSITION TO PLAINTIFFS' MOTIONS TO AMEND AND FOR NEW SCHEDULING ORDER**

Defendants' combined motion and response is nothing more than an unsupported, misleading effort to detract from their own obstructionist behavior. They hope the Court will give them a pass, both for their conduct and for their liability on the merits, because of the unfortunate death of one of the named plaintiffs. The Court should not permit such injustice.

**1. Defendants' motion is premised on misleading statements of fact.**

**a. Prosecution without a Client**

Defendants open with a statement of facts that is misleading at best. The most pervasive and repeated of those is that plaintiff counsel have been prosecuting this case without a client for eight months. This is wrong. The very first numbered paragraph of the amended complaint states unequivocally:

> Plaintiffs bring this action for damages, and other legal and equitable remedies, resulting from the illegal actions of SLM Corporation ("SLM"), Navient Corporation, Navient Solutions Inc. f/k/a Sallie Mae, Inc. ("Navient Solutions") and Sallie Mae Bank (collectively "Defendants") and/or other affiliates or subsidiaries of Defendants in negligently, knowingly and/or willfully contacting Plaintiffs on Plaintiffs' cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

*Amended Complaint – Class Action* [Doc. 27], p. 1 (emphasis added).  All plaintiffs have sued all defendants, and nowhere in the amended complaint does it indicate that either named plaintiff is bringing claims against only certain defendants.

Defendants attempt to state as fact that Plaintiff Parchman only has claims against Defendants Sallie Mae Bank and that Defendant Carlin only has claims against Defendant Navient Solutions, Inc., but Plaintiffs have never conceded this and Defendants' motion making this argument has not yet been decided by the Court.  Unless and until they are dismissed, Plaintiff Carlin has claims against all Defendants and has an absolute right to pursue those claims, including in discovery, mediation and trial.[1]  And she has done so.

For example, while Defendants make the following representations to the Court to support their accusation that plaintiff counsel "litigated this case in [Parchman's] name for many months" "without a client," the exhibits filed herewith demonstrate the misleading nature of Defendants' representations:

- Parchman issued initial written discovery requests on April 14, 2016, which SMB answered on May 19  2016.

---

[1] It is worth noting that Defendants' present motion is yet another example of Defendant Navient Solutions, Inc. trying to have it both ways when it comes to personal jurisdiction.  On the one hand it wants to deny the Court's jurisdiction such that it does not have to engage in any meaningful discovery, and on the other it wants to accept the Court's jurisdiction such that it can "join in this Motion and adopt the arguments herein for [itself]."  *Defendants' Combined Motion and Response* [Doc. 71], p. 2, n. 1.  Jurisdiction cannot be used as both a shield and a sword, and the Court should find that any personal jurisdiction defense have been waived.

- During June and July 2016, <u>Parchman</u> continued to pursue discovery, including through various meet and confer conversations and emails.

- On August 2, 2016, <u>Parchman</u> served a second set of written discovery requests, which SMB answered on September 13, 2016.

- On August 9, 2016, <u>Parchman</u> served a notice of deposition under Rule 30(b)(6) of the Federal Rules of Civil Procedure for SMB's corporate representative, and that deposition took place on September 28, 2016.

- On August 17, 2016, <u>Parchman</u> served requests to admit, to which SMB responded on September 21, 2016.

*Defendants' Combined Motion and Response* [Doc. 71], pp. 4-5 (emphasis added).  However, see Exhibit A filed herewith (first sets of written discovery issued in the name of "Plaintiffs," not just Plaintiff Parchman); Exhibit B filed herewith (meet and confer emails involved Plaintiff Carlin discovery disputes, not just Plaintiff Parchman discovery disputes); Exhibit C filed herewith (second sets of written discovery issued in the name of "Plaintiffs," not just Plaintiff Parchman); Exhibit D filed herewith (30(b)(6) deposition notice issued in the name of "Plaintiffs," not just Plaintiff Parchman); and Exhibit E filed herewith (requests for admission issued in the name of "Plaintiffs," not just Plaintiff Parchman).

At all times during this action there has been a plaintiff actively, and rightfully, prosecuting it.  Defendants' repeated accusations that "counsel have engaged in this litigation without a client" is not supported by either the legal status of the claims or the way in which Plaintiffs have pursued their claims.  The accusations are false, defamatory statements, and the Court should not tolerate them.

**b.    "Answered" Discovery**

The next misrepresentation by Defendants is that they have "answered" Plaintiffs' written discovery.  They say this presumably to persuade the Court that they have put in a great deal of effort that they otherwise would not have put in had they known of Plaintiff Parchman's death

("SMB has responded to extensive discovery requests (and, for the most part, after Parchman's death")).  *Defendants' Combined Motion and Response* [Doc. 71], p. 4.  Aside from the fallacy already addressed—that Plaintiff Parchman was the only one issuing the discovery—suggesting that they "answered" the discovery is disingenuous.

Similar to the discovery at issue in Plaintiffs' pending motions to compel (Docs. 60 and 61), the "answers" were almost exclusively boilerplate objections with no substantive information provided.  In response to Plaintiffs' first set of interrogatories, Defendant Navient Solutions, Inc. objected to all nine and provided substantive information only in response to No. 1 (identifying the person signing the responses).  *See* Exhibit F filed herewith.  In response to Plaintiffs' first set of requests for production, Defendant Navient Solutions, Inc. objected to all seven and provided substantive information only in response to Nos. 1 and 7.  *See* Exhibit G filed herewith.

Defendant Navient Solutions, Inc. provided a second set of responses addressed to Plaintiff Carlin's first set of interrogatories (even though only one joint set was served on behalf of Plaintiffs), and this time it objected to all nine and provided no substantive information.  *See* Exhibit H filed herewith.  Likewise, Defendant Navient Solutions, Inc.'s separate set of responses to Plaintiff Carlin's first set of requests for production objected to all seven and provided no substantive information.  *See* Exhibit I filed herewith.

Defendant Sallie Mae Bank's responses to Plaintiffs' first set of interrogatories object to all nine and only provide substantive information, albeit nonresponsive information, for Nos. 1, 6, 7 and 9.  *See* Exhibit J filed herewith.  In response to Plaintiffs' first set of requests for production, Defendant Sallie Mae Bank objected to all seven and provided substantive information only in response to No. 1.  *See* Exhibit K filed herewith.  In  response to Plaintiffs'

second set of interrogatories, Defendant Sallie Mae Bank objected to all six and provided no substantive information.  *See* Exhibit L filed herewith.  In  response to Plaintiffs' second set of requests for production, Defendant Sallie Mae Bank objected to all six and provided no substantive information.  *See* Exhibit M filed herewith.

Of the 89 individual responses Defendants have served, including in response to the requests for admission and requests to produce at issue in Plaintiffs' motions to compel, all 89 contained objections and eight of them provided substantive information (although, as the Court will see, calling the information substantive is a reach).  Defendants have not "answered" Plaintiffs' written discovery.  They have responded to them with boilerplate objections and little else.  And they cannot claim that their lack of cooperation is because of something unique about this case.  Based on the number of motions to compel filed against them in unrelated cases, it appears such obstructionist litigation tactics are their modus operandi.  *See*, e.g., collective Exhibit N filed herewith (exhibits to motions omitted).  With motions to compel finally being filed against them in this action, and especially considering the background leading up to those motions, it is no wonder they have gone to such lengths to distract the Court from their behavior.

### c.  Attendance at Mediation

Defendants next imply that they were expecting Plaintiffs to attend the mediation, and that there was something improper about them not being there ("Parchman's counsel obviously attended the mediation with no client representative.  SMB's counsel was there, along with two of SMB's client representatives.").  *Defendants' Combined Motion and Response* [Doc. 71], p. 5. This is wrong on both counts.

To begin with, plaintiff counsel would not have agreed to conduct the mediation in Washington DC if Plaintiffs were going to attend.  They would have insisted on a location in

Tennessee, the forum state.  Agreeing to go to Washington DC was purely an accommodation of Defendants because that is where they are located.  Plaintiff counsel even asked defense counsel if it would be a hardship to move the location to Atlanta, but defense counsel resisted because "[her] client is in DC."  *See* Exhibit O filed herewith.  Surely Defendants were not expecting Plaintiffs to travel from Tennessee and Wisconsin just so they could stay home.

In any event, even if that was their expectation when scheduling the mediation, it could not have been by December 2, 2016, four days prior to the mediation.  On that date a case manager with JAMS requested a list of everyone who would attend, and by email the same day plaintiff counsel confirmed they would be the only ones present for Plaintiffs.  Defense counsel was copied on the email.  *See* Exhibit P filed herewith.

There is also absolutely nothing improper about Plaintiffs not attending.  It was a class mediation only, which is why the parties hired the Honorable William J. Cahill (Ret.) from San Francisco as their mediator.  *See* Exhibit Q filed herewith (defense counsel recommended him because he "has a lot of class action experience").  In negotiating a class settlement plaintiff counsel has a duty to the entire class, and such settlements are not subject to the approval of any one member, including the named plaintiffs.  In fact, the Sixth Circuit is one of at least four that has held that even "unanimous disapproval of the settlement by the named plaintiffs does not require that the court either refuse to accept the settlement or replace the named plaintiffs."  *Charron v. Pinnacle Grp. NY LLC*, 874 F. Supp. 2d 179, 191 (S.D.N.Y. 2012) citing *Flinn v. FMC Corp.*, 528 F.2d 1169, 1174 & n.19 (4th Cir. 1975); *Kincade, v. Gen. Tire and Rubber Co.*, 635 F.2d 501, 503-04 (5th Cir. 1981); *Elliott v. Sperry Rand Corp.*, 680 F.2d 1225, 1226-27 (8th Cir. 1982); *Laskey v. Int'l Union, Etc. (UAW)*, 638 F.2d 954, 956 (6th Cir. 1981).  *See also Charron v. Wiener*, 731 F.3d 241, 254 (2d Cir. 2013) ("As our sister circuits have noted, the

assent of class representatives is not essential to the settlement, as long as the Rule 23 requirements are met.").

As the Fifth Circuit Court of Appeals explained more fully in *Kincade*, a case where all six named plaintiffs refused to accept the class settlement negotiated by their counsel:

> Appellants' argument that the settlement cannot be applied to them because they did not authorize their attorney, Walker, to settle the case or otherwise consent to the settlement is also easily disposed of. Because the "client" in a class action consists of numerous unnamed class members as well as the class representatives, and because the class itself often speaks in several voices …, it may be impossible for the class attorney to do more than act in what he believes to be the best interests of the class as a whole …. Because of the unique nature of the attorney-client relationship in a class action, the cases cited by appellants holding that an attorney cannot settle his individual client's case without the authorization of the client are simply inapplicable.

*Kincade v. Gen. Tire & Rubber Co.*, 635 F.2d 501, 508 (5th Cir. 1981) (internal quotes and cites omitted).

Here too, the cases cited by Defendants to suggest it was improper for Plaintiffs not to attend mediation are simply inapplicable. *Schick v. Berg*, 2004 U.S. Dist. LEXIS 6842 (S.D.N.Y. Apr. 20, 2004), involved an unnamed class member's claim for breach of fiduciary duty, and rather than supporting Defendants' position it actually goes directly against it: "Class counsel, for example, owe a duty to the entire class, not merely to the named plaintiffs. One result of this difference is that class counsel need not gain the approval of named class members in a settlement." *Id.* at *26.

*Motisola Malikha Abdallah v. Coca-Cola Co.*, 2000 U.S. Dist. LEXIS 19966 (N.D. Ga. Nov. 28, 2000), involved a discovery dispute between putative class representatives and their former counsel, and again it is in direct conflict with Defendants' position:

> On February 8, 2000, District Judge Story ordered the parties to engage in non-binding, confidential mediation. Then, on April 12, 2000, the Court was made aware that the four movant-plaintiffs named above were no longer represented by

plaintiffs' original counsel, the Bondurant Lawyers. After a hearing, Judge Story authorized the Bondurant Lawyers to negotiate in the mediation as counsel on behalf of the putative class, to the exclusion of any other counsel, including new counsel for the plaintiffs no longer represented by the Bondurant Lawyers.

*Id*. at *5.

*In re Earle*, 2007 Bankr. LEXIS 3908 (U.S. Bankr. E.D. Tenn. Nov. 16, 2007), is a bankruptcy decision having nothing to do with class actions. Lastly, the triad of decisions cited by Defendants on page 12 of their motion, *In re Cal. Micro Devices Sec. Litig.*, 168 F.R.D. 257 (N.D. Cal. 1996), *Turoff v. May Co.*, 531 F.2d 1357 (6th Cir. 1976), and *In re Universal Serv. Fund Tel. Billing Practices Litig.*, 219 F.R.D. 661 (D. Kan. 2004), all deal with the adequacy of the class representatives, not settlement authority. Defendants' suggestion that it was improper for Plaintiffs not to attend mediation is simply not consistent with class action law or practice, and given their experience in such matters, they know that.

## 2. Defendants' motion essentially relies on one case, and it is completely inapplicable.

While Defendants cite many cases for general propositions of law (e.g., either party may move for a determination of class certification, the elements of a class action, class counsel have a fiduciary duty to the class, etc.), they rely on only one to support their argument that the factual circumstances of this case warrant preclusion of class certification, *Buckland v. Maxim Healthcare Servs.*, 2012 U.S. Dist. LEXIS 122281 (C.D. Cal. Aug. 27, 2012). *Buckland* is far from on point.

There, plaintiff counsel learned on December 1, 2011 that one of the named plaintiffs had died, but he waited more than six months before filing anything with the Court. *Id.* at *15. And once he did, it was not a motion to substitute as one might expect: "Instead, Plaintiffs filed this Motion, requesting that the Court appoint Buckland as a class representative anyway, without further acknowledging her death or its impact on her ability to adequately represent the class."

*Id.* at *16. Even then, the Court still went on to find additional deficiencies with counsel—such as failing to take any depositions or file any motions to compel to obtain necessary discovery, failing to withdraw moot claims, failing to follow court orders, etc.—before reaching its ultimate conclusion that counsel was inadequate to serve as class counsel.

The only fact *Buckland* has in common with this case is that one of the named plaintiffs died. Here, however, plaintiff counsel promptly filed a motion to substitute and to amend after learning of Plaintiff Parchman's death. Defendants take issue with when plaintiff counsel learned of his death, and in fact they even accuse plaintiff counsel of violating their duty of candor to the Court by not including the date of death in the motion to amend, but frankly the date of death is irrelevant.

Plaintiff counsel had a duty to "keep the client reasonably informed about the status of the matter." Tenn. Sup. Ct. R. 8, Rule 1.4. They met their obligation by occasionally leaving Plaintiff Parchman voicemails and by sending him email updates twice on July 19, 2016 and once each on September 25, 2016, September 29, 2016 and November 10, 2016. *See* collective Exhibit R attached hereto. They had heard from him on May 17, 2016, and there was no reason for plaintiff counsel to be concerned when he did not respond to their subsequent communication. *See* Exhibit S attached hereto. As no discovery was ever served on him and Defendants did not request to take his deposition until December 6, 2016, plaintiff counsel's communications were always in the nature of status updates only.

Further, as already shown, the period of time between Plaintiff Parchman's death and plaintiff counsel's discovery of the death was occupied almost exclusively by plaintiff counsel's efforts to overcome Defendants' obstructionist discovery tactics (on Plaintiff Carlin's behalf as well as Plaintiff Parchman's). If Defendants had made any effort to engage in discovery, rather

than trying to thwart it, Plaintiff Parchman's death likely would have been discovered much sooner.  The fact that they did not demonstrates the complete absence of delay or prejudice caused by the date of his death.  As in *Buckland* the date that matters is the date plaintiff counsel learned of the named plaintiff's death, but unlike *Buckland* plaintiff counsel here took prompt action upon learning of the death.  The one case relied on by Defendants does not support their motion.

### 3.   Defendants' request that the Court find Plaintiff Parchman's Mother and Daughter would be inadequate class representatives is premature.

Defendants have asked the Court to rule that Plaintiff Parchman's mother and daughter would be inadequate class representatives before they are even parties to the action.  The request is premature and is not supported by any authority that such a request can be made at this time.  Defendants appear to be trying to undercut Federal Rule of Civil Procedure 15(a)(2)'s liberal standard by arguing the underlying merits of Plaintiffs' requested amendments before the amendments have even been made.[2]  This is improper and should not be allowed.

## <u>CONCLUSION</u>

Defendants' motion is nothing more than baseless bluster.  It is filled with accusations of improper, unethical behavior on plaintiff counsel's part, but in order to level those accusations they have to make statements and implications of misrepresentation to the Court.  Then when the

---

[2] It is worth pointing out that in attempting to argue the underlying merits of Plaintiffs' motion to amend Defendants rely on *Hannabury v. Hilton Grand Vacations Co., LLC*, 174 F. Supp. 3d 768 (W.D.N.Y. 2016), for the proposition that TCPA claims do not survive a plaintiff's death because they are penal, rather than remedial, in nature.  The *Hannabury's* own Second Circuit Court of Appeals, however, disagrees with this characterization: "Because the TCPA is a <u>remedial</u> statute, it should be construed to benefit consumers." *Physicians Healthsource, Inc. v. Boehringer Ingelheim Pharms., Inc.*, 2017 U.S. App. LEXIS 1937, at *10 (2d Cir. Feb. 3, 2017) (emphasis added) quoting approvingly *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265 (3d Cir. 2013).  This will be an issue appropriate for full briefing and argument once Plaintiff Parchman's daughter is actually a party before the Court.

point of their motion is finally reached—a preemptive effort to preclude class certification—they rely on one case that is completely inapplicable.

While it is not surprising that Defendants would hope to keep their own behavior away from the Court's attention, it is ironic that Defendants would go to the length of accusing plaintiff counsel of "partial truths" and violating their duty of candor to the Court; they, after all, are the ones who have previously been sanctioned for such conduct:

> 7.    This Court finds that Defendant Sallie Mae and its Counsel, Ms. Simonetti, made false and misleading statements regarding material facts in this case in an effort to have the case against Sallie Mae dismissed.  When making such assertions, counsel has a duty to make certain that such statements are true and accurate.

*Handforth v. The Stenotype Institute of Jacksonville, Inc.*, Case No. 2010-CA-003310, April 9, 2013 Order, p. 3 (full order included in collective Exhibit N filed herewith).  It appears they are at it again.  The motion should be denied.

Respectfully Submitted,

**THE HIGGINS FIRM, PLLC**

**/s/ Benjamin J. Miller**
**BENJAMIN J. MILLER, BPR No. 25575**
525 4th Ave. South
Nashville, TN 37210
(615) 353-0930
ben@higginsfirm.com

**JAMES A. DUNLAP JR.**
Georgia State Bar No. 003280
**JAMES A. DUNLAP JR. & ASSOCIATES LLC**
4403 Northside Parkway NW Suite 1413

Atlanta, Georgia  3032
404-354-2363
404-745-0195 (fax)
jim@jamesdunlaplaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on February 17th , 2017 this document was served via the Court's

CM/ECF email notification system on:

Lisa M. Simonetti
**Vedder Price (CA), LLP**
1925 Century Park E., Suite 1900
Los Angeles, CA 90067
(424) 204-7700
lsimonetti@vedderprice.com

Odell Horton, Jr.
**Wyatt, Tarrant & Combs, LLP**
1715 Aaron Brenner Dr.
Suite 800
Memphis, TN 38120-4367
(901) 537-1000
ohorton@wyattfirm.com

/s/ Benjamin J. Miller
**BENJAMIN J. MILLER**