**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

|  |  |
|---|---|
| JEFFREY PARCHMAN and NANCY CARLIN, individually and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br><br>v.<br><br>SLM CORPORATION, NAVIENT CORPORATION, NAVIENT SOLUTIONS, INC. f/k/a Sallie Mae, Inc., and SALLIE MAE BANK,<br><br>   Defendants. | No. 2:15-cv-02819-JTF-cgc |

<u>**DEFENDANTS SALLIE MAE BANK AND NAVIENT SOLUTIONS, LLC'S
MOTION FOR COSTS, EXPENSES, AND ATTORNEYS' FEES
AND MEMORANDUM IN SUPPORT**</u>

Pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure, Local Rule 54.1, 28 U.S.C. § 1927, and the Court's Order of July 18, 2017 dismissing this case, defendants Sallie Mae Bank ("SMB") and Navient Solutions, LLC, formerly known as Navient Solutions, Inc. ("NSL," and together with SMB, "Defendants"), hereby move for an award of the excess costs, expenses, and attorneys' fees incurred as a result of the unreasonable and vexatious conduct of counsel for plaintiff Jeffrey Parchman ("Parchman"). Parchman passed away on May 25, 2016, and Defendants seek the award based on the unnecessary proceedings in this matter after September 9, 2016, when counsel should have known of his death. Those costs, expenses, and fees were billed at $108,390.48, although the prevailing market rates for the services provided by Defendants' counsel would justify an award of $130,912.98 (Defendants' counsel provided discounted hourly rates on this matter). These figures are set forth in detail in the accompanying

Declaration of Lisa Simonetti (**Exhibit A** – filed under seal) and further justified by the accompanying Declaration of David Wade (**Exhibit B**).

## SUPPORTING MEMORANDUM OF FACTS AND LAW

### I.    Background

Parchman was a resident of Tennessee.  (Docket Entry 27, the "Amended Complaint," at ¶ 16).  He filed the original complaint (Docket Entry 1) on December 22, 2015, and the Amended Complaint on March 30, 2016.  In the Amended Complaint, Parchman asserted claims against Defendants for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").  The TCPA prohibits, among other things, making a call to a cellular telephone through the use of an automated telephone dialing system without the called party's "prior express consent."  Calls made without the requisite consent are subject to statutory damages, in the amount of $500 for negligent violations or up to $1,500 for willful violations.  In the Amended Complaint, Parchman purported to bring claims under the TCPA for himself and for an alleged class, defined as follows:

> All persons within the United States or its territories who on or after December 21, 2011 received a non-emergency telephone call from or on behalf of one of the defendants to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice.

(Amended Complaint, at ¶ 32).[1]

On May 25, 2016, Parchman died.  Parchman's counsel have stated that their first attempt to communicate with him after that date was by email dated July 19, 2016 (and there was no response, of course).  (Docket Entry 80, at Exhibit R).  Then, in early September 2016, the parties began negotiations to set mediation, pursuant to the Court's scheduling order.  (See

---

[1]    In the Amended Complaint, a separate claim was asserted by plaintiff Nancy Carlin ("Carlin").  NSL, not SMB, made the disputed calls to Carlin.  NSL made a Motion to Sever and to Dismiss on the claims, asserting a lack of jurisdiction, among other things.

Docket Entry 49; Exhibit A, at ¶ 4).  On September 9, 2016, Parchman's counsel agreed to proceed with court-ordered mediation on a date certain, October 11, 2016.  (Exhibit A, at ¶ 4).  Subsequently, though, the parties sought to postpone the court-ordered mediation in favor of private mediation and, on October 21, 2016, filed a Joint Motion to Continue Deadlines and Status Conference Pending Private Mediation Set for December 6, 2016.  (Docket Entry 55).  That motion was granted on October 26, 2016.  (Docket Entry 56).

Following the first confirmation of the mediation date -- on September 9, 2016 -- the litigation proceeded, including with respect to responding to written discovery and document requests, the deposition of SMB's corporate representative, and preparation for the mediation.  The private mediation took place before the Honorable William Cahill (Ret.) of JAMS in Washington, D.C. on December 6, 2016.  (See Docket Entry 71-2, at ¶ 9).  Parchman's counsel attended the mediation (obviously, with no client representative and no expectation of any involvement from him).  (Id.).  Defendants' counsel (traveling from Los Angeles, California) was there, along with two of SMB's client representatives.  (Id.).

Settlement offers were exchanged during the mediation, but the parties did not reach an agreement.  (Id.).  Therefore, on December 15, 2016, SMB served a notice of deposition for Parchman under Rule 30(b)(1) of the Federal Rules of Civil Procedure, to occur on January 26, 2017.  (Docket Entry 71-2, at ¶ 10).

By email dated January 4, 2017, Parchman's counsel stated -- for the first time -- that Parchman had "passed away," but without any reference to when.   (Docket Entry 71-2, at ¶ 15).  Further, counsel asked that Defendants stipulate to "a motion to substitute [Parchman's] daughter as next of kin and to add his mother as an additional plaintiff since they shared the [cell] phone."  (Id.).   In connection with this request, counsel provided a draft stipulation, describing

Parchman's death as an "unforeseeable, extenuating circumstance," and again failing to disclose when he died.  (Id.).  Defendants declined to stipulate, and stated that they would review a draft motion for leave to amend, but also expressed doubt as to the legal grounds for amendment, including based on lack of standing with respect to Parchman's daughter and mother.  (Id.).  Parchman's counsel did not provide a draft motion and, instead, filed a motion to amend the complaint, a motion to amend the scheduling order, and three discovery-related motions on January 13, 2017.  (See Docket Entries 59-63).

SMB determined on its own that Parchman had died on May 25, 2016.  In advance of the Status Conference set before this Court for January 27, 2017, SMB filed a Status Report on January 25, 2017, disclosing this information.  (Docket Entry 67).  In response, Parchman's counsel filed a Status Report on January 26, 2017, acknowledging the date of death.  (Docket Entry 68).  However, at the Status Conference, counsel admitted to learning of Parchman's death in December 2016, after the mediation.  (Docket Entry 69) ("Mr. Miller stated that he did not know that his client had died until after numerous attempts to reach out & was able to get in touch with Plaintiff's mother in December 2016.").

After the significant motion practice related to the impact of Parchman's death on this case (Docket Entries 59-87), the Court entered an Order on July 18, 2017, finding that Parchman's TCPA claim did not survive his death, and denying the motion to amend as to his daughter (and also as to his mother on the grounds that the claim already should have been asserted).  (Docket Entry 91, the "Order").  In addition, the Court granted NSL's Motion to Sever and to Dismiss as to Carlin, holding that "Plaintiffs have simply failed to establish that [NSL] is subject to the jurisdiction of this Court."  (Order, at p. 16).

Further, in the Order, the Court expressed "deep concerns about Plaintiffs' counsel's performance in this case."  (Order, at p. 11).  For instance, the Court stated:

- "[Rule 25(a) of the Federal Rules of Civil Procedure] does not seem to contemplate an eight-month delay before a suggestion of death is recorded or filed with the Court."  (Order, at p. 5).

- The Court noted that Parchman's counsel showed "total disregard of the terms of this Court's mediation order."  (Order, at p. 10).

- "It appears that it was of no concern to counsel that he got no response from his client for more than eight (8) months.  Yet, counsel engaged in settlement discussions for months.  These settlement discussions were conducted without the presence of his client and in violation of the Court's mediation order.  If counsel believed the Court's mediation order was entered in error or placed an undue burden on the parties, he should have petitioned the Court for relief.  No such request was made.  This set of events leaves this Court with the inescapable conclusion that counsel's primary concern is for his own position rather than the position of the class generally or his client specifically.  After a complete review of the record, the Court is not satisfied that counsel for Plaintiffs would serve as adequate class counsel in this matter."  (Order, at pp. 11-12).

- "The Court is also concerned about counsel's reported attempts to obtain a stipulation to the substitution of parties prior to filing the requisite notice of death with the Court."  (Order, at p. 12).

- "These factors persuade the Court that counsel was not as zealous in representing his client as he would lead the Court to believe."  (Id.).

The Clerk of the Court entered a judgment dismissing this case in its entirety on July 18, 2017.  (Docket Entry 92).  On August 3, 2017, the Court granted Defendants' motion for an extension of time to move for costs, expenses, and attorneys' fees (Docket Entry 94), and Defendants timely filed this Motion.[2]

## II.   Argument

### A.   Defendants Meet The Legal Standard For The Requested Award.

Defendants' Motion is based on 28 U.S. Code § 1927, which states that:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Courts have held that Section 1927 allows for recovery of such amounts "that were incurred by the aggrieved party by the sanctionable conduct." Hubbard v. Plaza Bonita, L.P., No. 09-1581-JLS(WVG), 2011 U.S. Dist. LEXIS 64015, at *29 (S.D. Cal. June 13, 2011).  Indeed, courts have "inherent powers" to award sanctions against a party or counsel who acts in bad faith.  Id. at *30.  However, the costs awarded must bear a financial nexus to the excess proceedings and may not exceed the costs, expenses, and attorneys' fees reasonably incurred because of the sanctionable conduct.  Id. at *29; see also Red Carpet Studios Division of Source Advantage, Ltd. v. Sater, 465 F.3d 642, 647 (6th Cir. 2006) ("[B]ased upon the district court's findings, sanctions would have been justified under [Section] 1927, the court's inherent authority."); Shepherd v. Wellman, 313 F.3d 963, 969 (6th Cir. 2002) (affirming the district court's

---

[2]     On the claims asserted by Parchman, SMB is indemnifying NSL.  SMB made the telephone calls to Parchman that are at issue in the Amended Complaint.  However, following the discovery of Parchman's death, NSL paid for some of the work associated with asking the Court for a determination that counsel were inadequate under Rule 23 of the Federal Rules of Civil Procedure because Carlin's claims also were asserted on a supposed class-action basis.  For that reason, NSL makes this Motion, along with SMB.

imposition of Section 1927 sanctions against attorney); Liberty Legal Foundation v. National Democratic Party of the USA, Inc., No. 12-2143-STA, 2012 U.S. Dist. LEXIS 120120, at *20-21 (W.D. Tenn. Aug. 24, 2012) (awarding fees under Section 1927).

When awarding fees, "it remains important for the district court to provide an adequate explanation of the reasons for its award and the manner in which that award was determined." Geier v. Sundquist, 372 F.3d 784, 791 (6th Cir. 2004). Further, "[t]o arrive at a reasonable hourly rate, courts use as a guideline the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." Id. However, in determining the prevailing market rate, courts may look to other markets, depending on the particular circumstances at hand. See Louisville Black Police Officers Organization v. City of Louisville, 700 F.2d 268, 278 (6th Circuit 1983). It may be appropriate to approve out-of-district fees that are higher than the typical prevailing rate based on a long-standing relationship with the client, the national scope of the lawyers' practice, the quality of advocacy and work performed in the case, and the skill and success of the lawyers. Schumacher v. AK Steel Corp. Ret. Acc. Pension Plan, 995 F. Supp.2d 835 (S.D. Ohio 2014).

In this Motion, Defendants seek only the amount of costs, expenses, and fees from the excess proceedings driven by counsel's conduct. These excess proceedings occurred after September 9, 2016 -- when counsel should have known that Parchman had passed away -- but specifically exclude fees and costs relating to the issue of whether Parchman's daughter could pursue his claim or relating to Carlin's claim.[3] Further, Defendants support their request with the invoices attached to the Declaration of Lisa Simonetti and the Declaration of David Wade.

---

[3]     At the hearing on March 15, 2017, on the various motions then pending, the Court directed the parties to submit supplemental briefing on the issue of whether Parchman's TCPA claim survived his death, such that his daughter could proceed as plaintiff. (Docket Entry 83).

**B.      Based On The Conduct At Issue Here, The Court Should Grant The Motion.**

Very simply, Parchman's counsel unreasonably and vexatiously multiplied these proceedings by failing to adequately communicate with their client during the course of litigation and then pursuing inappropriate issues after finally learning of his death.  Multiple courts have found that an award of costs, expenses, and fees under Section 1927 is appropriate in similar situations.  For example, in Soi Quay Hoang v. Worldwide Asset Purchasing, LLC, the court concluded that plaintiff's counsel acted unreasonably and vexatiously in litigating after the plaintiff's death, including through "eventual settlement discussions."  No. 09-185-DRH, 2010 U.S. Dist. LEXIS 136420, at *7 (S.D. Ill. Dec. 27, 2010).  The court determined that the excuse offered by plaintiff's counsel -- that he had not communicated with his client during 10 months of litigation -- was inadequate and unconvincing.  Id. at *11.  Thus, in making the award, the court held that counsel's "actions were unreasonable as a reasonable, careful attorney would have discovered his client's death and known of the proper procedures for dealing with those circumstances."  Id. at *12.

Similarly, in In re Pagan, No. 14-08824 (ESL), 2017 Bankr. LEXIS 332, at *23 (U.S. Bankr. D.P.R. Jan. 30, 2017), plaintiff's attorney was sanctioned under Section 1927 when she failed to inform the court of her client's passing prior to a critical hearing, even though the client had by then been deceased for a month, and when she continued to engage in settlement negotiations.  The court held that the attorney's conduct "add[ed] up to a reckless breach of her obligations as an officer of the court."  Id.  See also Hubbard, 2011 U.S. Dist. LEXIS 64015 at

---

As further explained below, Defendants do not seek the fees associated with the supplemental briefing because this issue would have been appropriate for the Court's consideration even if Parchman's counsel had provided prompt notice of death and timely moved for substitution.

*34 (sanctioning plaintiff's counsel under Section 1927 for continuing to attempt to settle a case after his client had died).

The circumstances here are similar.  Counsel first agreed to mediation on September 9, 2016, but Parchman had passed away more than three months earlier.  In seeking to schedule mediation, counsel's first call should have been to their client, but either it was not or counsel had no regard for his participation.  Further, and critically, if counsel had made a genuine effort at that time to reach Parchman, they undoubtedly would have learned that he had died in May 2016.  But, instead, as of September 9, 2016, counsel <u>confirmed</u> a mediation date, and the litigation continued, including through discovery, the mediation before Judge Cahill, and extensive motion practice seeking dismissal of the action.

However, none of that work should have been necessary, and the proper course of action for counsel was actually quite clear.  As of September 9, 2016, not having heard from Parchman for months (including in response to their email of July 19, 2016) and seeking to set mediation, counsel should have learned of Parchman's death.  Based on that knowledge, counsel should have immediately filed a notice of death and, within 90 days of the notice, should have filed a motion to substitute Parchman's daughter as a plaintiff, if they so chose.  <u>See In re Pagan</u>, 2017 Bankr. LEXIS 332 at *24 (sanctioning attorney in case where the attorney waited one month to inform the court and opposing counsel of her client's death); Fed. R. Civ. P. 25(a)(1) (stating that, "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party" upon a motion by "the decedent's successor" brought within 90 days of a notice of death).

Indeed, if counsel had followed the appropriate procedure, <u>all</u> litigation efforts would have <u>ceased</u> at the time of the filing of the notice of death, with the exception of proceedings on

any motion for substitution or related to Carlin's claim.  Moreover, because the Court ultimately determined that Parchman's TCPA claim was extinguished, such that his daughter could not proceed in his stead, this matter would have ended on a motion for substitution.  Under those circumstances, none of the other work undertaken by Defendants on Parchman's claim after September 9, 2016 -- on discovery issues, mediation preparation, opposing counsel's unfounded motions, etc. -- would have been performed.  Against this background, the Court should find that Defendants have demonstrated the requisite nexus between the excess proceedings and the costs, expenses, and fees sought in the Motion.

Moreover, the Court should find that the amounts incurred by Defendants as a result of counsel's conduct were reasonable.   David Wade ("Wade"), shareholder, president and a member of the executive committee at Martin Tate Morrow & Marston P.C., who had no involvement in litigating this case, has reviewed the relevant pleadings and related bills, and concluded that the rates charged in this case were consistent with the prevailing rates for similar services in this community.  (See generally Exhibit B.).  Meanwhile, the $108,390.48 billed to Defendants breaks down as follows:

- Fees:  $96,174.30

- Taxable Costs: $800.21

- Other expenses (including $5,450 mediation fee): $11,415.97

(See Exhibit A, at ¶ 8).  Wade concluded that these fees, costs and expenses were reasonable based on, among other things, defense counsel's long-standing relationship with Defendants, the national scope of the defense counsel's practice, the quality of advocacy and work performed in the case, and the skill and success of the defense lawyers in achieving a resolution.  (See generally Exhibit B).

In fact, Wade found that the hourly rate charged by Defendants' lead counsel, Lisa Simonetti ("Simonetti"), was significantly <u>less</u> than the prevailing rate.  (Exhibit B, at ¶ 16). Simonetti charged $525 per hour for her services, but Wade found that a rate of $750 per hour would have been reasonable.  (<u>Id</u>.).  Given that Simonetti alone billed 100.1 hours (<u>see</u> Exhibit A, at Exhs. 2-3) to this case after September 9, 2016, the Court could reasonably award an <u>additional</u> $22,522.50 in fees based on the actual, prevailing rate ($225 difference between charged rate and prevailing rate x 100.1 hours).  <u>See Schumacher</u>, 995 F. Supp. 2d at 847 (awarding fees at the requested rate even when the fees were high for the home district because counsel "should be compensated at rates that reflect their skill and their success").

## IV.    Conclusion

For the foregoing reasons, the Court should grant this Motion and enter an order requiring Benjamin Miller of The Higgins Firm and/or James Dunlap of James A. Dunlap, Jr. & Associates, LLP, to pay Defendants' costs, expenses, and fees, using the prevailing rate of $750 for Simonetti, in the amount of $130,912.98.  Alternatively, the Court should base an award on the amounts billed and paid, $108,390.48.

## <u>CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.2(A)(2)(B)</u>

Pursuant to Local Rule 7.2(a)(2)(B), the undersigned certifies that, after consultation between the parties to the controversy, they are unable to reach an accord as to all issues presented in this Motion.  Defendants' counsel Lisa Simonetti emailed Parchman's counsel on August 14, 2017, regarding this Motion.  Parchman's counsel, Benjamin Miller, responded that same day via email, noting opposition to the Motion.

Respectfully submitted,

SALLIE MAE BANK and
NAVIENT SOLUTIONS, LLC


By: _____/s/ Lisa M. Simonetti_____
                         One of Its Attorneys

Lisa M. Simonetti, Esq.
Vedder Price (CA), LLP
1925 Century Park East, Suite 1900
Los Angeles, California 90067
T:  +1 (424) 204 7700
(admitted *pro hac vice*)

Odell Horton , Jr. (#12426)
Wyatt Tarrant & Combs
1715 Aaron Brenner Drive, Suite 800
Memphis, TN 38120
T:   +1 (901) 537 1082

Dated:     August 15, 2017

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2017, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's EM/ECF System.

Benjamin J. Miller
The Higgins Firm, PLLC
525 4th Avenue South
Nashville, TN 37210
Via ECF

James A. Dunlap , Jr.
JAMES A. DUNLAP, JR. & ASSOCIATES, LLC
4403 Northside Parkway NW Suite 1413
Atlanta, Georgia 30327
Via ECF

/s/ Lisa M. Simonetti
Lisa M. Simonetti