**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| JEFFREY PARCHMAN and ) <br> NANCY CARLIN, individually and on ) <br> behalf of all others similarly situated, ) <br> ) <br> Plaintiffs, ) <br> ) <br> ) <br> v. ) <br> ) <br> SLM CORPORATION, ) <br> NAVIENT CORPORATION, ) <br> NAVIENT SOLUTIONS, INC., ) <br> f/k/a Sallie Mae, Inc., and ) <br> SALLIE MAE BANK, ) <br> ) <br> Defendants. ) | Case No. 2:15-cv-2819-JTF-cgc |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS SALLIE MAE
AND NAVIENT SOLUTIONS, LLC'S MOTION FOR § 1927 FEES**

Before the Court is Defendants Sallie Mae Bank and Navient Solutions, LLC's Motion for Costs, Expenses and Attorneys' Fees that was filed on August 15, 2017. (ECF No. 95.) On August 28, 2017, Plaintiffs, through counsel, filed a Response in Opposition to Defendants' Motion for Sanctions to which Defendants filed a Reply on October 4, 2017. (ECF Nos. 99 & 104.)[1] For the following reasons, the Court finds Defendants' § 1927 Motion for Costs, Expenses and Attorneys' Fees should be Granted in Part and Denied in Part.

---

[1] In the interim, counsel for Plaintiff Jeffrey Parchman filed a Notice of Appeal with the United States Court of Appeals for the Sixth Circuit on August 16, 2017, of the undersigned Court's dismissal of the putative class action under the Telephone Consumer Protection Act. (ECF Nos. 97 & 98.) Soon thereafter, on September 26, 2017, the Sixth Circuit denied without prejudice the Plaintiffs' Motion to Substitute April Parchman as Jeffrey Parchman's successor in interest, one of the underlying issues leading to the district court's dismissal of the case. (USCA No. 17-5968, ECF No. 101.)

# I. FACTUAL BACKGROUND

On December 22, 2015, Plaintiff Jeffrey Parchman initiated this proposed collective action against Defendants SLM, Navient Corporation and Navient Solutions, Inc. ("NSI" f/k/a Sallie Mae, Inc.) for unauthorized autodialed collection calls to his cellular telephone in violation of 47 U.S.C. §§ 227 (b)(3)(B) and (C). (ECF No. 1.) The proposed class included other similarly situated persons who had received non-emergency telephone calls from any of the Defendants or their affiliates or subsidiaries between December 21, 2011 and November 2, 2015. Settlement discussions and mediation attempts proved unsuccessful. On January 25, 2017, SMB informed the Court of Jeffrey Parchman's death that occurred on or about May 25, 2016. This Court conducted a motions hearing, and thereafter entered an Order Granting NSI's Motion to Dismiss for Lack of Personal Jurisdiction, Denying Plaintiffs' Motions to Amend Complaint and dismissed the case on July 18, 2017. (ECF Nos. 91 & 92.) Before the Court is Defendants' motion pursuant to 28 U.S.C. § 1927 and Fed. R. Civ. P. 54(d) for $96,174.30 in fees, $800.21 in taxable costs, and $11,415.97 in other expenses, including a $5,450.00 mediation fee, for a total of $108,390.48. (ECF No. 95, 4.)

# II. LEGAL STANDARD

Title 28 U.S.C. § 1927 (1980) provides:

> § 1927. **Counsel's liability for excessive costs**
> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

In order for a court to impose sanctions under § 1927, the movant must establish by clear and convincing evidence or specific acts that the party to be sanctioned: (1) multiplied the proceeding; (2) in an unreasonable and vexatious manner; (3) thereby increasing the costs of the

proceeding; and (4) done so in bad faith or by intentional misconduct.  *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 278 F.3d 175, 188 (3rd Cir. 2002).  "Section 1927 sanctions are warranted when an attorney objectively falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party."  *Red Carpet Studios v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006).  The standard under § 1927 is objective and an attorney may be sanctioned for conduct that is more than negligence or incompetence. *Garner v. Cuyahoga County Juvenile Court*, 554 F.3d 624, 645 (6th Cir. 2009) and *Stalley v. Mountain States Health Alliance, et al.,* No. 2:06-CV-216, 2010 WL 446929 at *2 (E.D. Tenn.  Feb. 2, 2010) (citing *Rentz v. Dynasty Apparel Indus., Inc*., 556 F.3d 389, 396 (6th Cir. 2009)), but less than reckless, subjective bad faith or conscious impropriety. *Williams v. White Castle System, Inc*., 526 F.Supp.2d 830, 841 (M.D. Tenn. 2007)(simple inadvertence or negligence will not support § 1927 sanctions.) and *In re Ruben*, 825 F.2d 977, 987 (6th Cir. 1987). Sanctions may not be imposed against a represented party or upon a law firm.  *BDT Products, Inc. v. Lexmark Int'l Inc.***,** 602 F.3d 742, 749-50 (6th Cir 2010).

Fed. R. Civ. P. 54(d)(1) allows costs, other than attorney's fees, to a prevailing party unless a federal statute, the federal civil rules of practice and procedures or a court order provides otherwise.  Attorney fees and expenses are permitted under Rule 54(d)(2)(E) as sanctions pursuant to 28 U.S.C. § 1927.  However, § 1927 (b) does not authorize an award for the *total* costs of litigation.  See 28 U.S.C. §§ 1920, 1927.  Section 28 U.S.C. § 1920 lists costs as clerk's and marshal's fees, docket fees, court reporter charges, printing and witness fees, copying costs, interpreting costs, and fees of court-appointed experts.

In the Sixth Circuit, there is no requirement for a full evidentiary hearing before sanctions are imposed. *Wilson-Simmons v. Lake County Sheriff's Dep't*, 207 F.3d 818, 822 (6th Cir. 2000)

3

(*citing Cook v. America S.S. Co.*, 134 F.3d 771, 774 (6th Cir. 1998)).  "What is required, however, is that before the imposition of sanctions, the attorney must be given notice and an opportunity to be heard . . . . An order to show cause, only with an opportunity to respond to said order, can be sufficient, in certain circumstances, to provide the necessary procedural safeguards." *Id.* at 775.   Therefore, Counsel for Plaintiffs' request for a hearing on this issue, ECF No. 99, is Denied.

### III. ANALYSIS

Defendants assert an entitlement to costs, expenses and fees under 28 U.S.C. § 1927 for excessive proceedings that occurred after September 9, 2016, due to Plaintiffs' counsel's failure to communicate with his client.  (ECF Nos. 95 & 104).  Counsel for Plaintiffs opposes the motion, asserting that Defendants' contention that he should have known at an earlier date of his client's passing is, at most, an allegation of negligence and therefore, insufficient to justify § 1927 sanctions.  (ECF No. 99.)  Thus, the Court must determine whether unnecessary or multiple proceedings occurred because of counsel's conduct, and that his conduct comprised more than simple inadvertence or neglect.  *Williams*, 526 F.Supp.2d at 841.

### 1) *Were There Excessive Proceedings After September 9, 2016?*

Defendants suggest that unnecessary proceedings occurred in this case after September 9, 2016, the date upon which counsel agreed to mediation and the Rule 30(b)(6) deposition.  At that time, counsel should have known of his client's death which occurred on or about May 25, 2016.[2]  (ECF No. 95). Defendants say that had counsel attempted to confer with his client between July 19, 2016, the date of their email to him regarding scheduling a deposition, and September 9, 2016, the date they agreed to mediation, he would have discovered his client's passing.  As a result, Defendants assert that counsel's failure to adequately communicate with his

---
[2] *See* ECF No. 67.

client caused them to engage in unnecessary litigation. (ECF No. 95, 8). Plaintiff's counsel responds that the Court should reject altogether Defendants' § 1927 motion. He argues that even though he was unaware of his client's death for eight (8) months, there is no evidence that he acted with improper motive. In the alternative, counsel argues that any negligence in the discovery of his client's passing is insufficient to award § 1927 sanctions. (ECF No. 99.)

Attorneys appearing before this Court, either as members in good standing of the Tennessee bar, or by application and admission *pro hac vice*, agree to be bound by the Local Rules of this Court, the Tennessee Supreme Court Rules of Professional Conduct, and the Guidelines of Professional Courtesy and Conduct at Appendix C. *See* Tenn. West. L.R. 83.4(b) and (c). In accordance with Rule 8 of the Tennessee Rules of Professional Conduct, "[i]n all professional functions a lawyer should be competent, prompt, and diligent. A lawyer should maintain communication with a client concerning the representation. Tenn. Sup. Ct. R. 8, RPC 5 (Tenn. 2011). Further, the Comment on American Bar Association Rule 1.4 requires that an attorney maintain "[r]easonable communication between the lawyer and the client that is necessary for the client effectively to participate in the representation." Model Rules of Prof'l Conduct R. 1.4(Am. Bar Ass'n 2018). Upon review, it is clear that Plaintiffs' counsel failed to regularly communicate with his client during the course of the underlying proceedings. Plaintiffs' counsel effectively concedes as much in his response. (ECF No. 99, 2.) Thus, the Court must determine whether the delay in finding out and disclosing Parchman's death was more than mere negligence and unnecessarily multiplied the proceedings.

On December 22, 2015, counsel Benjamin Miller filed the underlying complaint on behalf of Plaintiff Jeffrey Parchman in this proposed class action against the Defendants pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227. (ECF No. 1, 1 ¶1, 2, ¶ 7.) On April

29, 2016, the undersigned Court conducted a scheduling conference wherein the parties advised they had met and conferred, allowing the Court to establish certain discovery deadlines in accordance with Fed. R. Civ. P. 1 and Fed. R. Civ. P. 26. (ECF Nos. 32-34.) As discussed extensively, the Court directed the parties to engage in mediation by August 19, 2016. The Court ordered the parties to have at all mediation sessions individuals with full settlement authority. Counsel for Plaintiffs maintained there were misunderstandings and that he had settlement authority on behalf of the proposed class. Such authority is not demonstrated in the record. (ECF Nos. 36 & 84.) Plaintiffs' counsel did not move the Court for relief from this requirement. It appears Counsel simply ignored the Court's Order. Further, Plaintiffs' counsel filed several stipulations with the Court requesting more time to respond to Defendants' Motion to Sever and to Dismiss and motions for extensions of Scheduling Order deadlines. These extensions were reportedly requested so "that they [could] continue to engage in settlement discussions and may be able to avoid the motion [to sever and to dismiss] altogether." (ECF Nos. 44, 46, 47, 50, 55 & 63.) Yet, in response to the instant motion for fees and costs, counsel asserts:

> [T]hat the Court may have been under the impression that there were multiple mediation sessions and that the parties were actively negotiating over a period of months.

(ECF No. 99, 3 n. 2.) This statement directly contradicts the reasons provided by counsel for the many extensions of the discovery deadlines. On January 3, 2017, Plaintiffs filed their last Motion for New Scheduling Order urging that because of "[t]he unforeseeable death of Plaintiff Jeffrey Parchman, the parties' efforts at an early resolution, and the issues raised in the motions contemporaneously filed herewith . . . . made the scheduling order unworkable . . . . no plaintiff has been deposed, and Navient Solutions has refused to engage in discovery prior to a ruling on

6

its motion to sever and dismiss. (ECF No. 63.) In this Court's view, this assertion unfairly suggests that Plaintiffs would have already been deposed had the pending motions been resolved.

On January 4, 2017, Plaintiffs' counsel disclosed to Defense counsel that Parchman was deceased. (ECF No. 67.)  Subsequently, Lisa Simonetti, counsel for SMB, investigated further, finding that Parchman had passed on or about May 25, 2016.  As a result, Ms. Simonetti filed a Status Report with the Court on January 25, 2017, regarding Parchman's death. (*Id.* & Exhibit A.)  In turn, Plaintiffs' filed a Status Report on the following date which indicated:

> After the [December 6, 2016] mediation, defense counsel requested for the first time to take plaintiff Jeffrey Parchman's deposition.  It was thereafter, when Plaintiffs' counsel could not reach Mr. Parchman to arrange this deposition, that Plaintiffs' counsel learned from Mr. Parchman's mother that Mr. Parchman had died suddenly and unexpectedly on May 25, 2016.  Plaintiff's counsel had been regularly giving Mr. Parchman updates without any difficulty by telephone and email, but there was no reason to hear back from him until the request for his deposition was made. No written discovery was ever sent to him and no settlement offers were ever made to him individually.

 (ECF No.  68.)  On January 27, 2017, the Court conducted a Status Conference regarding the Notices wherein counsel Lisa Simonetti and Odell Horton, Jr. appeared before the Court.  Counsel for Plaintiff, James A. Dunlap, Jr. and Ben Miller participated telephonically.  After hearing from the parties regarding Plaintiff's death, Defendants requested one week to file responses to the Plaintiffs' recently filed motions. However, the Court ordered *ore tenus* that discovery be stayed until further notice and  set a hearing on March 15, 2017.  (ECF No. 69.) During the hearing, the Court again heard from the parties regarding the Court's mediation order, with respect to Parchman's death.  After the hearing, the parties briefed the issue of survivability of the TCPA claims. (ECF Nos. 83, 85 & 87.)  Despite the stay, responses were filed by SMB and NSI to the Motion to Amend, the Motion for Discovery and Requests for Admissions and

7

the Motion for Leave to File Supplement Response to Motion to Dismiss on February 3, 2017. (ECF Nos. 71-73.)

The record shows that counsel for Plaintiff has provided conflicting dates for when he discovered his client's death — early December 2016 or early January 2017. Ultimately, this information precipitated his filing substantive motions instead of a Rule 25 Suggestion of Death.[3] More specifically, on January 13, 2017, Plaintiffs' counsel filed: (1) Plaintiffs' Motion to Amend Complaint to add Parchman's daughter and mother; (2) Plaintiffs' Motion to Deem Requests for Admission Admitted; (3) Plaintiffs' Motion to Compel 30(b)(6) Designation; (4) Plaintiffs' Motion for Leave to Supplement Response in Opposition to Defendant Navient Solutions Inc.'s Motion to Sever and Dismiss and lastly, and discussed herein, (5) Plaintiffs' Motion For New Scheduling Order. (ECF Nos. 59-63.) All five of these motions were filed without counsel notifying the Court of his client's death.

Counsel for the Defendants seek all fees, costs and expenses incurred after September 9, 2016, the date upon which counsel confirmed the October 11, 2016 mediation date. (ECF No. 95, 1, 3 & Exhibit A.) After review, the Court finds that except for mediation costs, § 1927 fees should not be awarded for any legal services arising after September 9, 2016, or for the Responses to Plaintiffs' motions that were filed in February 2017 while the matter was stayed. Counsel for Parchman did not extend the proceeding and cause more expenses during this time as the Court did not direct responses or any further action from counsel until March 15, 2017. However, the Court will allow costs, expenses and fees associated with settlement discussions

---

[3] "The objective of the suggestion of death set forth in Rule 25(a)(1) is to alert nonparties to the consequences of the death of a party in a pending lawsuit so that they may act if they desire to preserve the decedent's claim. The rule establishes a procedure that protects those who have an interest in the litigation and the authority to act on behalf of the decedent by permitting substitution for the deceased party without unduly burdening the surviving party." *Jones v. Prison Health Services*, No. 11-12134, 2014 WL 117326, at *2 (E.D. Mich. Jan. 13, 2014)(*citations omitted*).

and mediation before Judge Cahill on December 6, 2016. Thus, the Court finds the Defendants' motion for § 1927 sanctions for fees and costs should be Granted in Part and Denied in Part. *Williams,* 526 F.Supp.2d at 841 (the application of § 1927 sanctions is warranted when an attorney has engaged in some sort of conduct that from an objective stand point falls short of the obligations owed by a member of the bar to the Court and result in additional expense to the opposing party).

### *2. Are the Costs and Fees Requested by Defendants Reasonable?*

Having determined that mediation fees are justified, the Court will now examine the amount of § 1927 fees and costs that should be awarded. As stated, Defendants submit that counsel for Plaintiff should be ordered to pay any fees and expenses incurred after September 9, 2016, the date on which counsel agreed to proceed with mediation in this matter on October 11, 2016.[4] Therefore, Defendants request that the Court order Plaintiffs' counsel, Benjamin Miller and James Dunlap, counsel for Nancy Carlin, to pay Defendants a total of $130,912.98, in costs, expenses, and attorney's fees, for Attorney Lisa M. Simonetti. In the alternative, Defendants seek an award based on the amount billed and paid of $108,390.48. (ECF No. 95, 11.) In support of this request, Defendants filed a Sealed Declaration from Attorney Lisa M. Simonetti,[5] emails exchanged between the parties, itemized invoices billed and paid by SMB and NSI for legal services to VedderPrice; to VedderPrice from NSL; and to Wyatt Tarrant & Combs, LLC

---

[4] In the course of those same emails, counsel for Plaintiffs agreed to a Rule 30(b)(6) deposition on September 28, 2016 and was in agreement to extend the time for Defendants to respond to Plaintiffs' outstanding discovery requests to September 13, 2016. (Declaration of Lisa Simonetti and Sealed Exhibit A, emails).

[5] On January 12, 2016, Lisa Simonetti, counsel for Defendants Navient Corp., NSI and SLM Corp. filed a motion to appear *pro hac vice*. The application lists Simonetti as a shareholder in the California based firm of Vedder Price having thirteen various court admissions, including the United States District Courts and the Supreme Court of California, her resident state, Colorado, Illinois, Michigan, New York and Indiana, the Ninth and Eleventh Circuit Courts of Appeals and the United States Supreme Court, dating back to 1993. (ECF No. 9, 3 Attachment "A").

by SMB. (Sealed Exhibits 2-4.)  Defendants' § 1927 motion is supported by a declaration from an experienced and esteemed counsel in this community,  Mr. David Wade, a shareholder of Martin, Tate, Morrow & Marston, P.C. (ECF No. 95-1.)   Citing *Black Police Officers Organization v. City of Louisville,* 700 F.2d 268, 278 (6th Cir. 1983), Mr. Wade urges the Court to consider the standard rate charged in the market where counsel normally practices. He also suggests that out of town counsel appearing before this Court typically charge between $650.00 and $800 an hour.  (ECF No. 95-1, 6, 9 ¶ 16.)  Similarly, counsel provides that the prevailing rate in this community for attorneys having Mr. Horton's experience is between $400.00 and $500.00 an hour.  (*Id.* at 8 ¶ 14.)  Thus, counsel supports the $525.00 an hour rate for Ms. Simonetti as the reasonable and prevailing market rate for an attorney having her experience in California and the $435.00 hourly rate billed by Mr. Horton.[6]  (ECF Nos. 95, 11 & 95-1, 1-12.)   However, the Court finds that counsel's rate should be consistent with the hourly rate billed by similarly experienced attorneys in this area, or the $435.00 an hour that was requested by local co-counsel.

The "determination of a reasonable attorney's fees begins with the lodestar amount which is calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Jerelds v. City of Orlando*, 194 F.Supp.2d 1305, 1333 (M.D. Fl. March 27, 2002).  The primary concern is awarding fees that are reasonable.  *Garner*, 554 F.3d at 642. The burden of proving the reasonableness of the fee belongs to the prevailing party.  *Farrar v. Hobby*, 506 U.S. 103, 109 (1992).  The prevailing party must provide documented evidence as to the hours spent and billing rates.  *Gonter v. Hunt Valve Co, Inc.*, 510 F.3d 610, 617 (6th Cir. 2007) and *Dye v. Bellsouth Telecomm., Inc*., 462 F.Supp.2d 845, 855 (W.D. Tenn. 2006).  The documentation must include "sufficient detail and probative value to enable the court to

---

[6] In his declaration, Mr. Wade states that: "I do not know of any lawyer in the local community within the Western District of Tennessee who has the national reputation and expertise that Ms. Simonetti enjoys in the specialized matters such as are before the Court."  (ECF No. 95-1, 10).

determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation" *Imwalle v. Reliance Med. Prod., Inc.,* 515 F.3d 531, 553 (6th Cir. 2008) (internal citation omitted). The party must also prove that the fees requested are not vague, excessive redundant, superfluous, or unnecessary. *See Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983). A "strong presumption favors the prevailing party's entitlement to his lodestar fee." However, the lodestar can be adjusted if there is specific evidence in the record that so requires the reduction. *Adcock-Ladd v. Secretary of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000)(internal citation omitted). The Supreme Court has outlined twelve factors for a court to use when deciding what the lodestar should be and/or whether the lodestar should be adjusted. *Hensley,* 461 U.S. at 430, n. 3. These twelve factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions: (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount of time involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in the similar cases.

*Id.* And so, for purposes of determining reasonable hourly rates in awarding attorney fees, the appropriate rate is not necessarily the exact value sought by a particular firm, or attorney. Rather, it is the market rate in the venue sufficient to encourage competent representation. *Gonter,* 510 F.3d at 618; and *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004).

*1. Time and Labor*

Regarding time and labor, a case may be overstaffed when there is an over-utilization of partners and/or senior level attorneys. *See Fair Housing Center of Sw. Mich. v. Hunt*, No. 1:09-cv-593, 2013 WL 5719152, at *15 (W.D. Mich. Oct. 21, 2013). This usually results in a greater

expenditure of associate time, while partners perform only those tasks that they alone can do. *Potter v. Blue Cross Blue Shield of Mich.*, 10 F.Supp.3d 737 at \*\*28 (E.D. Mich. Mar. 31, 2014)(internal citation omitted).  However, the courts have also stated that although "there is nothing inherently unreasonable about making an award for time spent by two or more lawyers engaged in the same representation, counsel bears the burden of showing his or her specific contribution." *Gratz v. Bollinger*, 353 F.Supp.2d 929, 941 (E.D. Mich. 2005) (internal citations omitted).  This case was not complex.  It is unusual only because of Plaintiffs' counsel's handling of his client's death.  Defense counsel's skill, abilities, reputations and experience did not impact this case anymore than in any other proposed class TCPA action. The record only reflects District Court appearances for an initial scheduling conference on April 29, 2016; a status conference on January 27, 2017 and a Motion Hearing on March 15, 2017. (ECF Nos. 33, 69 & 83.) In fact, the record clearly shows that there were no decisions on the merits of the TCPA claims because of Plaintiff's untimely death and the Court's determination that his claims did not survive.  Based on the unfortunate turn of events, Defendants' counsel gained a dismissal in their favor.  Therefore, given the specific nature of this case, the Court will only award fees billed by lead out-of-town counsel Lisa Simonetti and lead local counsel Odell Horton, Jr.

Ms. Simonetti offers the Court several invoices for all expenses, costs and services billed at $525.00 an hour after September 9, 2016.[7] The first invoice, Invoice No. 587617, dated November 8, 2016 billed a total of costs and expenses of $2,478.74 for E-Discovery, airfare, hotels, meals, rentals and taxi fares and 21.70 hours for a total of $11,392.50 as legal services provided through September 30, 2016. The following itemized notation was listed for mediation preparation:

---

[7] For the sake of clarification, the Court has extracted from these various invoices and enumerated the legal services for which it deems § 1927 fees and costs should be awarded.

12

      09/14/16  Telephone Call re Strategy and re Mediation     <u>0.30</u>
                                                 0.30

Invoice No. 587745 dated November 10, 2016 billed a total of costs of $325.18 for E-Discovery and Meals and a total of $3,045.00 in 5.80 hours for the following legal services through October 31, 2016. The following services were reasonably billed for mediation and settlement efforts:

      10/06/16  Follow up re Mediation                      0.20
      10/12/16  Emails to proposed  Mediators             0.30
      10/13/16 Attention to Settlement Issues             0.20
      10/14/16  Emails re Mediation and Data Sampling   0.20
      10/18/16  Attention to Mediation Issues            <u>0.40</u>
                                                 1.30

The next invoice, Invoice Number 593739 dated December 30, 2016, billed total costs for this period as $5,909.50 that were incurred for court reporter services and mediation fees, in addition to the $2,100.00 for 4 hours of legal services through November 30, 2016:

      11/04/16  Conference call with Clients re Mediation    0.50
      11/11/16  Emails re Final Numbers                    0.10
      11/14/16  Emails re Data and Mediation Issues       0.20
      11/15/16  Call with Clients and counsel re Settlement 0.40
      11/21/16  Emails with Mediator re pre session call     0.20
      11/27/16  Attention to Mediation Statement          0.30
      11/28/16  Pre Mediation call with Judge Cahill        <u>0.30</u>
                                                 2.00

Invoice No. 595907 dated January 27, 2017 reflects $991.01 in costs and expenses for E-discovery, Travel, Auto Rental and Taxi, Telephone charges in addition to the $7,402.50 billed for legal services through December 31, 2016, and included the following for settlement efforts:

      12/02/16 Conference Call with Clients re Settlement    1.10
      12/05/16 Travel to DC and prepare for Mediation      4.50
      12/06/16 Attend Mediation and Travel                7.00
      12/07/16 Emails with Plaintiff's Counsel re Meet and Confer  <u>0.20</u>
                                               12.80

Invoice Number 599415 dated February 23, 2017 billed a total of $566.93 in costs and

expenses for meals, travel, automobile rental, taxis and hotel in addition to the $12,285.00 for itemized services rendered through January 31, 2017, with the following legal fees regarding Plaintiff's death:

| | | |
|---|---|---|
| 01/06/17 | Telephone Call re Deceased Plaintiff and Emails… | 0.80 |
| 01/09/17 | Attention to Retrieving Death Certificate for Parchman | 0.10 |
| 01/11/17 | Telephone Call to Local Counsel | 0.70 |
| | | 1.60 |

Invoice Number 600538 dated February 28, 2017 lacked any costs, but billed for one event in the amount of $157.50 for .30 hours of research regarding ethical issues on January, 5, 2017.

On March 31, 2017, Invoice Number 603145 billed costs in the amount of $1,142.80 for meals, travel and airfare auto rental and hotels and for services rendered through February 28, 2017 in the amount of $4,882.50 for 9.3 hours:

| | | |
|---|---|---|
| 02/03/17 | Final Review of Briefs and Email Judge Carhill | 1.50 |
| 02/10/17 | Email on Order on Request for Leave | 0.10 |
| 02/17/17 | Review Opposition to Motion; *Revise Memo re Settlement**  (÷ in half for *.70*) | 1.40 |
| 02/21/17 | Telephone Call to local counsel | .50 |
| 02/23/17 | Revise Memo re Navient Solutions Settlements | 2.10 |
| | | 4.90 |

Invoice Number 606313 dated April 30, 2017 documented 14.40 hours of services for a total of $7,560.00 in fees and billed $439.49 in costs for transcripts and travel through March 31, 2017. Invoice Number 609167 dated May 31, 2017 only assessed costs of $52.50 through April 30, 2017 and .10 hours of service for review of an email on April 27, 2017 for fees of $52.50. Issued on July 7, 2017, Invoice No. 612069 billed $354.73 in expenses for the month of May 2017 for meals, travel and hotels in addition to the $315.00 for .60 hours of legal services. (Sealed ECF No. 96, Exhibits 2-3).  After review, the Court will allow a total of 22.90 hours as listed above for Lisa Simonetti's fees that were incurred on the dates listed above for excessive

or vexatious proceedings, but not for all legal services that were provided after September 6, 2016 as requested.

The Court has considered costs and services associated with the mediation and settlement attempts. In addition, the rate requested will be calculated at the rate established above. Nor will the Court award § 1927 sanctions to cover the fees billed by Simonetti's associates who worked on this case. The purposes of § 1927 is not to cover the total costs of litigation. In summary, the Court will only allow fees and costs and expenses for legal services provided in reference to the mediation and work done in reference to documenting Mr. Parchman's death. The other hours billed for research, the filing of responses to motions, including the motion to dismiss and survivability of the TCPA issue would have inevitably occurred. Those costs cannot be leveled upon Plaintiff's counsel for purposes of vexatious delay or multiplication of the proceedings under § 1927.

Appearing as local lead counsel in this matter is Odell Horton, Jr., a partner with Wyatt, Tarrant & Combs, LLP. Mr. Horton filed a notice of appearance on behalf of all Defendants on March 23, 2016. (ECF No. 26.) Defendants also request that the Court award his fees and costs. (ECF No. 96, Exhibit 4.) Counsel has provided that his firm billed a rate of $435.00 an hour for his services in this matter as follows:

Invoice Number 1020940 dated October 5, 2016 billed $435.00 for only one hour of service on September 23, 2016 and a total of $1522.50 for all services through September 30, 2016. On February 6, 2017, Invoice Number 1029414 was issued for $3,480.00 in fees for 8.0 hours of services through January 31, 2017.

    1/25/17 Telephone Call/Review are Status Report    1.50
                                                                                           1.50

A third invoice, No. 1031513, dated March 7, 2017 billed $3,871.50 for legal services

through February 28, 2017. Next, Invoice Number 1033094 billed on April 5, 2017, $6.00 in parking expenses and a total of $4,306.50 for legal services in March 2017:

> 3/17/17  Review Status Report filed by Plaintiffs and Cases     1.00
> 1.00

Finally, Invoice No. 1036570 billed $217.50 on June 2, 2017, for .50 hour of services responded to a question from co-counsel on May 8, 2017. Similarly, Invoice Number 1041053 dated August 2, 2017 billed the same, $217.50 for .50 hours of work reviewing order on July 18, 2017. Both invoices totaled fees of $435.00. (ECF 96, Exhibit 4.) Based on the reasons provided below, the Court will only award §1927 fees, costs and expenses for the two itemized hourly billings on January 25, 2017 and March 17, 2017.

The Court finds the claimed rates of $525.00 an hour for Lisa Simonetti will be reduced to coincide with the claimed billable rate of $435.00 per hour that has been submitted by local counsel, Odell Horton, Jr. and consistent with the market rates in this community that were confirmed in the declaration offered by counsel David Wade. *Adcock-Ladd*, 227 F.3d at 350-51; *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 822-823 (6th Cir. 2013); (ECF No. 24-6, pp. 6-7.) *Ford v. Tenn. Senate,* Case No. 2:06-cv-2031, 2008 U.S. Dist. LEXIS 88068, at 14-15, 17 (W.D. Tenn. Oct. 24, 2008)(where Memphis counsel received $380 to $500 for special counsel due to complexity of the issues); *Love v. Shelby County*, 2007 U.S. Dist. LEXIS 94854, at *6 (W.D. Tenn. Dec. 28, 2007)(approving hourly rate of $300 for Memphis attorney in a sex discrimination case). After review of the entire record, the following fees, costs and expenses should be awarded pursuant to § 1927:

| Attorney | Hourly Rate Requested | Hourly Rate Awarded | Hours Awarded | Costs & Expenses Rewarded | Amount Awarded |
|---|---|---|---|---|---|
| Lisa Simonetti | $525.00 | $435.00 | 22.90 ($9,961.50) | $7,467.44 | $17,428.94 |
| Odell Horton | $435.00 | $435.00 | 2.50 ($1,087.50) | 0 | $1,087.50 |

The Court has extensively examined the number of hours reportedly billed by lead out-of-town and local counsel for Defendants in order to properly address what, if any, reasonable fees and expenses should be recovered by Defense counsel as § 1927 sanctions in this action. In this regard, the Court has decided against awarding the total amount billed and paid for legal services and orders instead that Benjamin Miller, counsel for Plaintiff Jeffrey Parchman, pay Lisa Simonetti $17,428.94 in § 1927 fees, costs and expenses. In addition, the Court orders Benjamin Miller, counsel for Plaintiff Jeffrey Parchman to pay counsel Odell Horton, Jr. $1,087.50 in § 1927 fees and expenses.

## CONCLUSION

Defendants' Motion for Cost, Expenses and Attorneys' Fees under 28 U.S.C. § 1927, ECF No. 95, is GRANTED in part and DENIED in part for the reasons stated above. The Court will allow Plaintiffs' counsel fourteen (14) days to respond by showing cause why these specific amounts should not be awarded pursuant to 28 U.S.C. § 1927. *Wooldridge v. Marlene Industries, Corp,* 898 F.2d 1169, 1176 (6th Cir. 1990).

**IT IS SO ORDERED** on this 5th day of June, 2018.

*s/ John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE