**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| **Jeffrey Parchman, individually and on behalf of all others similarly situated,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| **v.** ] | **Case No: 2:15-cv-02819-JTF-cgc** |
| ] | **JURY DEMAND** |
| **SLM Corporation, Navient Corporation,** ] | **Judge John T. Fowlkes, Jr.** |
| **Navient Solutions Inc. f/k/a Sallie Mae** ] | **Magistrate Charmiane G. Claxton** |
| **Inc., and Sallie Mae Bank,** ] | |
| ] | |
| **Defendants.** ] | |

---

**PLAINTIFF COUNSEL'S MOTION TO REVISE ORDER
GRANTING DEFENDANTS' MOTION FOR SANCTIONS IN PART**

---

Plaintiff counsel brings this motion pursuant to FRCP 54(b), which provides:

[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and **may be revised at any time** before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

(emphasis added). Defendants' motion for sanctions against plaintiff counsel, and the Court's order granting the motion in part, were premised on the Court's dismissal of plaintiff Parchman's claims after a finding that the claims did not survive his death. *See Defendants' Motion for Sanctions*, RE 95, p. 1 (bringing motion "[p]ursuant to" the Court's Order of July 18, 2017 dismissing this case"). Defendants argued:

[B]ecause the Court ultimately determined that Parchman's TCPA claim was extinguished, such that his daughter could not proceed in his stead, this matter would have <u>ended</u> on a motion for substitution. Under those circumstances, <u>none</u> of the other work undertaken by Defendants on Parchman's claim after September 9, 2016 – on discovery issues, mediation preparation, opposing counsel's unfounded motion, etc. – would have been performed.

*Id.* at p. 10 (emphasis in original). Indeed, the Court only granted the motion "in reference to the mediation and work done in reference to documenting Mr. Parchman's death," because the other work for which Defendants sought payment "would have inevitably occurred." *Order*, RE 105, p. 15.

Now that the Sixth Circuit Court of Appeals has held that Parchman's claims did survive his death, Defendants' premise, and motion, are invalid. Defendants can no longer argue that this matter would have ended earlier if a motion for substitution had been filed earlier, or that none of the subsequent work would have been performed. Mediation would have proceeded as ordered, and if a proposed settlement had been reached Parchman's daughter, standing in his shoes, would have had full authority to approve it. *See Court of Appeals Opinion*, RE 111, p. 17, n. 8 ("As the substituted party, the daughter would not be asserting her own claim or seeking vindication of her own injury; instead, she would be asserting her father's claim on his behalf.").

Two essential elements of a 28 U.S.C. § 1927 motion are that the "movant must establish by clear and convincing evidence or specific acts that the party to be sanctioned: (1) multiplied the proceeding… [2] thereby increasing the costs of the proceeding." *Order*, RE 105, pp. 2-3. Defendants can no longer claim, much less establish by clear and convincing evidence, either element. Plaintiff counsel has also previously demonstrated why Defendants cannot establish the remaining essential elements of (3) unreasonable and vexatious tactics (4) carried out in bad faith or by intentional misconduct. *See Order*, RE 105, pp. 2-3; *Response to Show Cause Order*, RE 106; and *Response to Motion for Sanctions*, RE 99. *See also Court of Appeals Opinion*, RE 111, p. 11 (finding that the record did not support a conclusion that plaintiff counsel acted in bad faith, "especially where Plaintiffs' counsel had been sending Parchman email updates and leaving voicemails").

Accordingly, none of the elements necessary for an award of 28 U.S.C. § 1927 sanctions are present in this case. The Court's order granting Defendants' motion in part should be revised to deny it in its entirety.

## **REQUEST FOR HEARING**

Pursuant to LR 7.2(d), plaintiff counsel requests a hearing on this motion. There has now been extensive briefing on Defendants' motion for sanctions, not to mention the order of dismissal upon which it was based, and a hearing would be helpful in understanding the issues as well as the facts over which there has been some confusion. *See Response to Show Cause Order*, RE 106.

Respectfully Submitted,

**THE HIGGINS FIRM, PLLC**

**/s/ Benjamin J. Miller**
**BENJAMIN J. MILLER, BPR No. 25575**
525 4th Ave. South
Nashville, TN 37210
(615) 353-0930
ben@higginsfirm.com

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 7, 2018 this document was served via the Court's CM/ECF

email notification system on:

Lisa M. Simonetti
VEDDER PRICE (CA), LLP
1925 Century Park E., Suite 1900
Los Angeles, CA 90067
(424) 204-7700
lsimonetti@vedderprice.com

Odell Horton, Jr.
WYATT, TARRANT & COMBS, LLP
1715 Aaron Brenner Dr.
Suite 800
Memphis, TN 38120-4367
(901) 537-1000
ohorton@wyattfirm.com

Bryan K. Clark
VEDDER PRICE, PC
222 North LaSalle Street
Chicago, IL 60601
(312) 609-7810
bclark@vedderprice.com

/s/ Benjamin J. Miller
**BENJAMIN J. MILLER**