IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| APRIL PARCHMAN, as administrator ad litem of the estate of Jeffrey Parchman, deceased, individually and on behalf of all others similarly situated, and ANN PARCHMAN, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>SLM CORPORATION, NAVIENT CORPORATION, NAVIENT SOLUTIONS, INC. f/k/a Sallie Mae, Inc., and SALLIE MAE BANK,<br><br>      Defendants. | No. 2:15-cv-02819-JTF-cgc |

**REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO PRECLUDE CLASS CERTIFICATION
AND STRIKE CLASS ALLEGATIONS**

In the Response to the Motion, counsel attempt to persuade that the passage of time somehow should alter the Court's finding on adequacy -- i.e., "the Court is not satisfied that counsel for Plaintiffs would serve as adequate class counsel in this matter." (July 18, 2017 Order, Doc. 91, at p. 12). However, in so doing, counsel continue to be dismissive of the critical importance of the adequacy requirement in Rule 23, and their own obvious inability to meet that requirement.

As noted in the Motion, class counsel have well-established fiduciary duties to the class that they propose to represent. See, e.g., Greenberg v. Procter & Gamble Co., 724 F.3d 713, 718 (6th Cir. 2013) ("[T]he law relies upon the 'fiduciary obligation[s]' of the class representatives and, especially, class counsel."); Garden City Employees Ret. Sys. v. Psychiatric Solutions, Inc.,

2010 U.S. Dist. LEXIS 42915, *13 (M.D. Tenn. April 30, 2010) ("[C]lass action counsel possess, in a very real sense, fiduciary obligations to those not before this court."); Christie Clinic, LLC v. Gen. Reinsurance Corp., 2012 U.S. Dist. LEXIS 137343, *18-19 (W.D. Tenn. Aug. 1, 2012) ("Beyond their ethical obligations to their clients, class attorneys, purporting to represent a class, also owe the entire class a fiduciary duty once the class complaint is filed."). Therefore, "[g]iven the far-reaching implications of certification, a court must in the broadest sense be satisfied that the fiduciary duties and responsibilities of the class representative and class counsel will be conscientiously, fairly, and justly discharged in order to protect the interests of the class." Ballan v. Upjohn Co., 159 F.R.D. 473, 489-90 (W.D. Mich. 1994).

Here, as the record amply demonstrates, Plaintiffs' counsel breached those obligations, and in a serious way. While counsel seek to downplay their conduct in the Response, the fact is that counsel pursued these claims entirely for themselves -- i.e., absent any regard for direction from or consultation with a client representing the interests of the proposed class -- for several months. Again, counsel's participation in the mediation here proves this point. In December 2016, Jeffrey Parchman had been deceased for approximately seven months, but counsel decided to participate without having had contact with him and without any intent to consult him during the mediation process. Thus, counsel necessarily were negotiating only for themselves, in violation of the most fundamental fiduciary obligations in class litigation -- i.e., "not to prejudice the interests that putative class members have in their class action litigation," Schick v. Berg, 2004 U.S. Dist. LEXIS 6842, *18 (S.D.N.Y. Apr. 20, 2004), and to be free of conflicts of interest, Motisola

Malikha Abdallah v. Coca-Cola Co., 2000 U.S. Dist. LEXIS 19966, *11-*12 (N.D. Ga. Nov. 28, 2000).[1]

Moreover, contrary to counsel's persistent suggestions, the named plaintiff must be actually involved in the litigation at all times, including in settlement negotiations for the proposed class, because the named plaintiff represents the interests of the putative class members.  Class counsel cannot fulfill that role; instead, the named plaintiff has a duty to monitor counsel.  See In re California Micro Devices Sec. Litig., 168 F.R.D. 257, 260 (N.D. Ca. 1996) (denying approval of a class-action settlement and stating that, "[w]hen class counsel are not effectively monitored by the class representative, the result is indistinguishable from the situation in which an attorney serves as both class counsel and class representative"); see also Turoff v. May Co., 531 F.2d 1357, 1360 (6th Cir. 1976) ("If the interests of a class are to be fairly and adequately protected, if the courts and the public are to be free of manufactured litigation, and if proceedings are to be without cloud, the roles of class representative and of class attorney cannot be played by the same person."); compare In re Universal Serv. Fund Tel. Billing Practices Litig., 219 F.R.D. 661, 672-73 (D. Kan. 2004) (explaining that plaintiff was an adequate representative because:  "He understands that his duties as a class representative include hiring competent counsel, appearing at trial, monitoring and participating in the litigation, and participating in discovery.  He communicates with counsel when new documents come about, he reviews faxes and e-mails, he stays 'in the general loop of what's going on,' and he talks 'a good amount' with his attorney by phone and in person.").

---

[1] In the Response, counsel suggests that because co-plaintiff Nancy Carlin ("Carlin") also did not participate in the mediation, there was no issue.  However, as the Court has been informed several times, SMB made the disputed calls to Jeffrey Parchman, not NSL.  NSL made calls to Carlin, and SMB is indemnifying NSL on the claims asserted on behalf of Jeffrey Parchman.  Thus, by the parties' agreement, the Carlin claims were not the subject of the mediation.

Accordingly, that counsel have not violated their fiduciary obligations lately is not the point. Neither the current status of this matter nor the mere passage of time should be relevant. The conduct of counsel is clearly established, and the Court already made a determination on adequacy.[2] The Court should grant the Motion in its entirety, and Plaintiffs should pursue the instant claims for themselves.

Respectfully submitted,

By:     /s/ Bryan K. Clark
              Counsel for Defendants

Bryan K. Clark, Esq.
Vedder Price P.C.
222 N. LaSalle Street
Chicago, Illinois 60601
T: +1 (312) 609-7810
(admitted *pro hac vice*)

Odell Horton , Jr. (#12426)
Wyatt Tarrant & Combs
1715 Aaron Brenner Drive, Suite 800
Memphis, TN 38120
T: +1 (901) 537 1082

Dated:    February 19, 2019

---

[2] As noted in the Response, Plaintiffs could choose to retain substitute counsel, but they have not done so. The Court should consider this in connection with Plaintiffs' own adequacy, in addition to the facts and arguments set forth in the Motion.

## CERTIFICATE OF SERVICE

      I hereby certify that on February 19, 2019, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's EM/ECF System.

Benjamin J. Miller  
The Higgins Firm, PLLC  
525 4th Avenue South  
Nashville, TN 37210  
Via ECF

                          /s/ Bryan K. Clark  
                              Bryan K. Clark