**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| **JEFFREY PARCHMAN, individually** | ) | |
| **and on behalf of all others** | ) | |
| **similarly situated,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 2:15-cv-02819-JTF-cgc** |
| | ) | **JURY DEMAND** |
| **SLM CORPORATION, NAVIENT** | ) | |
| **CORPORATION, NAVIENT SOLUTIONS** | ) | |
| **INC. f/k/a/ SALLIE MAE INC. and** | ) | |
| **SALLE MAE BANK,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER GRANTING PLAINTIFFS' COUNSEL'S MOTION TO REVISE ORDER
GRANTING DEFENDANTS' MOTION FOR SANCTIONS IN PART**

Before the Court is Plaintiffs' counsel's Motion to Revise Order Granting Defendants' Motion for Sanctions in Part, filed on September 7, 2018. (ECF No. 121.) On September 19, 2018, Defendants Sallie Mae Bank and Navient Solutions, LLC filed its Response in Opposition to Plaintiff's counsel's Motion to Revise Order, to which Plaintiffs' counsel submitted his Reply on October 22, 2018. (ECF Nos. 122 & 131.) For the following reasons, Plaintiffs' counsel's Motion to Revise Order Granting Defendants' Motion for Sanctions is GRANTED.

## FACTUAL BACKGROUND

On December 22, 2015, Plaintiff Jeffrey Parchman ("Parchman"), a Tennessee resident, initiated this proposed class action pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227(b)(3)(B) and (C), against Defendants SLM Corporation, Navient Corporation, and Navient Solutions Inc. (f/k/a/ Sallie Mae, Inc.) ("NSI") for alleged unauthorized autodialed

and prerecorded message calls to his cellular telephone.  The complaint asserts that both Navient Corporation and NSI are subsidiaries of SLM.  Despite not owing any debt to any of the Defendants, Parchman asserted that beginning on December 21, 2011, he was contacted repeatedly on his cellular telephone by Defendants, their affiliates, or subsidiaries, despite his request for the calls to cease.  As a result, Parchman filed this action on behalf of himself and as the proposed class representative of other similarly situated persons.  (ECF No. 1.)

On March 30, 2016, Parchman filed an Amended Complaint adding Plaintiff Nancy Carlin, a Wisconsin resident, who asserted claims arising from telephone calls made by the Defendants to her cellular telephone regarding a 2012 student loan.  Parchman also added Defendant Sallie Mae Bank ("SMB").  Defendant NSI filed a Motion to Sever the Claims of Nancy Carlin and a Motion to Dismiss for Lack of Personal Jurisdiction on May 6, 2016.  (ECF Nos. 52 & 54.)

Meanwhile, Parchman passed away on May 25, 2016.  Plaintiffs' counsel filed a motion to amend the complaint to add Parchman's mother and daughter as additional plaintiffs, since Parchman was deceased.  (ECF No. 59.)  Defendant SMB filed its Response in Opposition to the motion on February 3, 2017.  (ECF No. 71.)

The Court, on July 18, 2017, ultimately granted Defendants' motion to sever the claims of Nancy Carlin and dismiss for lack of personal jurisdiction and denied Plaintiff's attorneys' motion to amend the complaint to name Parchman's daughter and mother as additional plaintiffs.  (ECF No. 91.)  Plaintiffs' counsel appealed these rulings to the Sixth Circuit on August 16, 2017.  (ECF No. 97.)

On August 3, 2017, Defendants NSI and SMB filed a motion for attorney's fees, and Plaintiffs' counsel filed a Response in Opposition on August 28, 2019.  (ECF Nos. 94 & 99.)  The

Court granted in part and denied in part Defendants' motion for attorney's fees on June 5, 2018. (ECF No. 105.)

Regarding the appeal, the Sixth Circuit affirmed the Court's granting of Defendants' motion to sever and motion to dismiss for lack of personal jurisdiction. *See Parchman v. SLM Corporation*, 896 F.3d 728, 735 (6th Cir. 2018). The Sixth Circuit did, however, reverse and remand the Court's denial of Plaintiffs' counsel's motion for leave to amend the complaint to add Parchman's mother and daughter as additional plaintiffs. *Id.* at 737, 741-42. The Sixth Circuit ultimately reasoned that Parchman's TCPA claims do survive his death, contrary to this Court's holding, and that this Court is to determine whether Parchman's daughter is a proper substitute for Parchman himself. *Id.*

On September 2, 2018, Plaintiffs' counsel filed the motion at issue—a Motion to Revise Order Granting Defendants' Motion for Sanctions in Part. (ECF No. 121.) Defendants SMB and NSI subsequently filed its Response in Opposition to Plaintiffs' Motion to Revise Order, to which Plaintiffs' counsel submitted its Reply. (ECF Nos. 122 & 131.)

## **LEGAL STANDARD**

"[A] district court has the inherent power to reconsider, rescind, or modify an interlocutory order before entry of a final judgment." *Leelanau Wine Cellars, Ltd. v. Black & Red, Inc.*, 118 F. App'x 942, 945–46 (6th Cir. 2004). Although the Federal Rules of Civil Procedure do not specifically provide for such, Local Rule 7.3 states that "'any party may move, pursuant to Fed. R. Civ. P. 54(b), for the revision of any interlocutory order' before the entry of judgment." *Liberty Legal Found. v. Democratic Nat'l Comm.*, No. 12-2143-STA, 2012 U.S. Dist. LEXIS 171741, at *2 (W.D. Tenn. Dec. 4, 2012) (quoting LR 7.3(a)). Local Rule 7.3(b) enumerates the only grounds for revision and requires the moving party to show the following:

(1) a material difference in fact or law from that which was presented to the Court before entry of the interlocutory order for which revision is sought, and that in the exercise of reasonable diligence the party applying for revision did not know such fact or law at the time of the interlocutory order; or (2) the occurrence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order.

LR 7.3(b).  Moreover, such a motion "should not be based on legal arguments or evidence that the movant simply failed to raise in the earlier motion" or "repeat any oral or written argument made by the movant in support of or in opposition to the interlocutory order that the party seeks to have revised." *Liberty Legal Found.*, 2012 U.S. Dist. LEXIS 171741, at *8–9; *see also* LR 7.3(c).[1]

## ANALYSIS

In light of the Sixth Circuit ruling, the Court finds Plaintiffs counsel's Motion to Revise Order Granting Defendants' Motion for § 1927 Fees should be granted.  Title 28 U.S.C. § 1927 (1980) provides:

§ 1927.  **Counsel's liability for excessive costs**
Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

These sanctions are "warranted when an attorney objectively falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." *Red Carpet Studios v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006).  § 1927 sanctions do not require a showing of subjective bad faith, but rather require something more than negligence

---

[1] Plaintiffs' counsel brings this Motion pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.  Because LR 7.3(b) specifically refers to Rule 54(b), the Court will proceed with the analysis as though Plaintiffs' counsel brought this Motion pursuant to LR 7.3(b).

or incompetence.  *Oakstone Community School v. Williams*, 615 F. App'x 284, 289 (6th Cir. 2015).

"Thus, an attorney is sanctionable when he intentionally abuses the judicial process or knowingly

disregards the risk that his actions will needlessly multiply proceedings."  *Sater*, 465 F.3d at 646.

"An attorney's ethical obligation of zealous advocacy on behalf of his or her client does not amount

to carte blanche to burden the federal courts by pursuing claims that are frivolous on the merits, or

by pursuing nonfrivolous claims through the use of multiplicative litigation tactics that are

harassing, dilatory, or otherwise unreasonable and vexatious."  *Jones v. Continental Corp.*, 789

F.2d 1225, 1230 (6th Cir. 1986).

The Court originally granted § 1927 fees to Defendants because, in the Court's opinion,

Plaintiffs' counsel caused excessive proceedings surrounding the December 6, 2016 settlement

discussions and mediation despite Parchman's death in May of 2016.  (ECF No. 105, 4–9.)

Plaintiffs' counsel waited until January of 2017 to communicate to opposing counsel and the Court

that Parchman had died.  (ECF No. 105, 7.)  Furthermore, the Court concluded that Plaintiffs'

counsel "failed to regularly communicate with his client during the course of the underlying

proceedings" despite the Court's order for "the parties to have at all mediation sessions individuals

with full settlement authority."  (ECF No. 105, 5–6.)  However, the Court now finds that it should

revise its Order granting Defendants § 1927 fees because there has been "a change of law occurring

after the time" such Order was entered.  *See* LR 7.3(b).  That is, the Sixth Circuit issued an opinion

regarding survivability of TCPA claims.  *See generally Parchman v. SLM Corp., et al.*, 896 F.3d

728 (6th Cir. 2018).

The Sixth Circuit ruled that a TCPA claim does, in fact, survive a claimant's death because

a TCPA claim is a remedial claim rather than a penal claim.  *Parchman*, 896 F.3d at 740–41.

"[T]he primary purpose of the TCPA was to protect individuals from the harassment, invasion of

5

privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls," which indicates that the TCPA was meant to "redress individual wrongs felt by individual consumers." *Id.* at 738. Additionally, recovery goes directly to the harmed individual rather than the public, further indicating that TCPA claims are remedial. *Id.* at 740. Lastly, even though the treble damages provision of the TCPA "is more likely disproportionate because it gives the court discretion to increase damages that, at $500 per call, are already greater than actual damages in most cases," "[t]he fact that the statute allows for accumulated recovery does not convert an otherwise remedial statutory scheme into a penal one." *Id.* at 740–41 (citation omitted). Because the TCPA is remedial, Parchman's claims did survive his death. With that change of law, the Court must now reexamine its Order granting § 1927 fees to Defendants.

Plaintiffs argue that because the Sixth Circuit has held that Parchman's claims did survive his death:

> Defendants' premise, and motion, are invalid. Defendants can no longer argue that this matter would have ended earlier if a motion for substitution had been filed earlier, or that none of the subsequent work would have been performed. Mediation would have proceeded as ordered, and if a proposed settlement had been reached Parchman's daughter, standing in his shoes, would have had full authority to approve it.

(ECF No. 121, 2.) Defendants posit that the premise for awarding § 1927 fees is still proper because "regardless of whether Parchman's claims survived, counsel still proceeded to mediation without knowing that Parchman had died and failed to promptly and fully notify the Court of Parchman's death." (ECF No. 122, 2.) They further aver that "the need for a second mediation simply demonstrates that the conduct of Parchman's counsel has unreasonably multiplied the proceedings." (ECF No. 122, 2.) Plaintiffs' counsel's reply to Defendants is that "Parchman's death had absolutely no impact on the mediation, and there is no reason to believe a second mediation would result in a different outcome." (ECF

No. 131, 1–2.)  Furthermore, Plaintiffs' counsel explained that "the reason why a settlement was not reached had nothing to do with Parchman's death.  The parties were simply too far apart on their evaluations of the case."  (ECF No. 131, 1.)

In conformity with the Sixth Circuit's ruling, the Court finds that Plaintiffs' counsel did not act wrongfully in proceeding to mediation after Parchman's death, regardless of whether the attorneys knew about his death.  They did not unreasonably and vexatiously multiply proceedings.  *See* 20 U.S.C. § 1927.  Vexatiously and unreasonably multiplying proceedings "include conduct where 'an attorney . . . reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of non-frivolous claims." *Parrott v. Corley*, 266 F. App'x 412, 414 (6th Cir. 2008).  Death or no death, due to the Sixth Circuit's holding, Parchman's TCPA claims were valid at the time Plaintiffs' counsel began settlement and mediation efforts.  Thus, there was no vexatiousness on the part of Plaintiffs' counsel because the claims being pursued were not frivolous—TCPA claims survive a claimant's death.  Again, because of the Sixth Circuit's holding, it becomes clear that the "litigation tactic" of pursuing mediation, in light of Parchman's eight-month-long-silence, did not "needlessly obstruct[s] the litigation of non-frivolous claims."  *Parrott*, 266 F. App'x at 414.

## CONCLUSION

Plaintiffs' Motion to Revise the Court's Order Granting in Part and Denying in Part Defendants' Attorneys' Fees under 28 U.S.C. § 1927 (ECF No. 121) is GRANTED for the reasons stated above.  Accordingly, Benjamin Miller does not have to pay Lisa Simonetti $17,428.94 in § 1927 fees, costs and expenses, nor does Benjamin Miller have to pay Odell Horton, Jr. $1,087.50 in § 1927 fees and expenses.

**IT IS SO ORDERED** on this 15th day of October 2019.


*s/ John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
United States District Judge