IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JEFFREY PARCHMAN, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> SLM CORPORATION, NAVIENT CORPORATION, NAVIENT SOLUTIONS, INC. f/k/a/ SALLIE MAE, INC., and SALLIE MAE BANK, <br><br> Defendant. | Case No. 2:15-cv-02819-JTF-cgc <br> JURY DEMAND |

## ORDER DENYING DEFENDANTS' MOTION TO PRECLUDE CLASS CERTIFICATION AND STRIKE CLASS ALLEGATIONS

Before the Court is Defendants SLM Corporation, Navient Corporation, Navient Solutions, Inc., and Sallie Mae Bank ("Defendants") Motion to Preclude Class Certification and Strike Class Allegations, filed on December 17, 2018. (ECF No. 140.) On January 1, 2019, Plaintiffs Ann and April Parchman ("Plaintiffs") filed a Response in Opposition, to which Defendants filed a Reply on February 19, 2019. (ECF Nos. 145 & 148.) For the following reasons, Defendants' Motion to Preclude Class Certification and Strike Class Allegations is DENIED.

### FACTUAL BACKGROUND

On December 22, 2015, Jeffrey Parchman ("J. Parchman"), a Tennessee resident, initiated this proposed class action pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227(b)(3)(B) and (C), against the Defendants SLM Corporation ("SLM"), Navient Corporation, and Navient Solutions, Inc. (f/k/a/ Sallie Mae, Inc.) ("NSI") for alleged unauthorized

autodialed and prerecorded message calls to his cellular telephone. The complaint asserts that both Navient Corporation and NSI are subsidiaries of SLM. Despite not owing any debt to any defendant, J. Parchman asserted that beginning on December 21, 2011, he was contacted repeatedly on his cellular telephone by Defendants, their affiliates, or subsidiaries, despite his request for the calls to cease. As a result, J. Parchman filed this action on behalf of himself and as the proposed class representative of other similarly situated persons. (ECF No. 1.)

On March 30, 2016, J. Parchman filed an Amended Complaint adding Plaintiff Nancy Carlin, a Wisconsin resident, asserting claims arising from telephone calls made by Defendants to her cellular telephone regarding a 2012 student loan. J. Parchman also added Defendant Sallie Mae Bank ("SMB"). Defendant NSI filed a Motion to Sever the Claims of Nancy Carlin and to Dismiss for Lack of Personal Jurisdiction on May 6, 2016. (ECF Nos. 52 & 54.)

Meanwhile, J. Parchman passed away on May 25, 2016. J. Parchman's counsel—now counsel for Ann and April Parchman, as well as for the class ("Plaintiffs' counsel")—filed a motion to amend the complaint to add J. Parchman's mother and daughter as additional plaintiffs, since J. Parchman was deceased. (ECF No. 59.) Defendants filed a Response in Opposition to Plaintiffs' attorneys' motion on February 3, 2017. (ECF No. 71.)

The Court, on July 18, 2017, ultimately granted Defendants' motion to sever the claims of Nancy Carlin and dismiss for lack of personal jurisdiction and denied Plaintiffs' attorneys' motion to amend the complaint to name J. Parchman's daughter and mother as additional plaintiffs. (ECF No. 91.) Plaintiffs' counsel appealed these rulings to the Sixth Circuit on August 16, 2017. (ECF No. 97.)

On August 3, 2017, Defendants NSI and SMB filed a motion for attorney's fees, and Plaintiffs' counsel filed a Response in Opposition on August 28, 2017. (ECF Nos. 94 & 99.) The

Court granted in part and denied in part Defendants' motion for attorney's fees on June 5, 2018. (ECF No. 105.)

Regarding Plaintiffs' appeal, the Sixth Circuit affirmed the Court's granting of Defendants' motion to sever and dismiss for lack of personal jurisdiction. *See Parchman v. SLM Corp.*, 896 F.3d 728, 735 (6th Cir. 2018). The Sixth Circuit did, however, reverse and remand the Court's denial of Plaintiffs' motion for leave to amend the complaint to add J. Parchman's mother and daughter as additional plaintiffs. *Id.* at 737, 741–42. They ultimately reasoned that J. Parchman's TCPA claims do survive his death, contrary to this Court's holding, and that the Court is to determine whether J. Parchman's daughter is a proper substitute for J. Parchman himself. *Id.*

On November 11, 2018, Plaintiffs filed a Second Amended Complaint naming J. Parchman's mother and daughter as class representatives and reasserting class allegations under the TCPA. (ECF No. 133.) Plaintiffs now allege that J. Parchman's daughter, April Parchman, is his successor-in-interest and that J. Parchman's mother, Ann Parchman, shared a cellular telephone with J. Parchman. On December 17, 2018, Defendants filed the motion at issue—a Motion to Preclude Class Certification and Strike Class Allegations. (ECF No. 140.)

## **LEGAL STANDARD**

"The class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (citing *Califano v. Yamasaki*, 442 U.S. 682, 700–01 (1979)). A trial court retains broad discretion in deciding whether to certify a class, but that discretion must be exercised only after rigorous analysis into whether the prerequisites of Fed. R. Civ. P. 23 are met. *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996). Federal courts are required to determine whether class action treatment is appropriate "at an early practicable time after a person sues or is sued as a class

representative." Fed. R. Civ. P. 23(c)(1)(A). Where discovery would not alter the central defect in the class claim, Rule 23(d)(1)(D) authorizes district courts to issue orders requiring that the pleadings be amended to eliminate class allegations and that the parties proceed with the action accordingly. Fed. R. Civ. P. 23(d)(1)(D); *cf. Pilgrim v. Universal Health Card LLC*, 660 F.3d 943, 949 (6th Cir. 2011). Courts are not required to wait until a plaintiff moves for class certification before ruling on whether an action may appropriately be pursued as such. *See Pilgrim*, 660 F.3d at 949. Likewise, nothing in the rules prohibits a defendant from seeking resolution of the class certification question while discovery is being conducted. *Id.* Regardless of whether a defendant files a motion to strike class allegations or a plaintiff files a motion to certify a class, the plaintiff has the burden to prove that the requirements set forth in Fed. R. Civ. P. 23 are satisfied. *See Beck v. Stony Hollow Landfill, Inc.*, No. 3:16-cv-455, 2017 U.S. Dist. LEXIS 65874, at *13–14 (S.D. Ohio May 1, 2017).

Subsection (a) of Rule 23 contains four prerequisites that must be met before a class can be certified—numerosity, commonality, typicality, and adequacy of representation. Specifically, Rule 23 states that a class must be as follows:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

For purposes of class certification, "class determination should be predicated on evidence presented by the parties concerning the maintainability of the class action." *Glazer v. Whirlpool*, 722 F.3d 838, 851 (6th Cir. 2013). Although "some overlap between the proof necessary for class certification and the proof required to establish the merits of the plaintiffs' underlying claims" may be necessary, district courts must constrain themselves to consideration of the merits only insofar

4

as it is relevant to the certification decision. *Id.* at 851–52 ("In other words, district courts may not turn the class certification proceedings into a dress rehearsal for the trial on the merits." (quoting *Messner v. Northshore Univ. HealthSys.*, 669 F.3d 802, 811 (7th Cir. 2012))).

## ANALYSIS

The Court finds that Defendants' Motion to Preclude Class Certification and Strike Class Allegations pursuant to Fed. R. Civ. P. 23 should be DENIED. As a procedural matter, Plaintiff has not filed a Motion to Certify the Class. Thus, the Court has not yet been called upon to evaluate whether the proposed class should be certified. Defendant is correct in asserting that "'[e]ither plaintiff or defendant may move for a determination of whether the action may be certified under Rule 23(c)(1).'" *Pilgrim*, 660 F.3d at 949 (citing 7AA Charles Allen Wright, et al., *Federal Practice and Procedure* § 1785). Accordingly, the Court will now conduct an evaluation of whether this proposed class should be certified. Notably, the Court may not inquire into the merits of the case at this stage. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177–78 (1974); *see also Rodney v. Nw. Airlines, Inc.*, 146 F. App'x 783, 785 (6th Cir. 2005).

**A.   Numerosity**

Rule 23(a)(1) requires that a class be so numerous that joinder of all its members is impracticable. Fed. R. Civ. P. 23(a). Here, Defendants make no argument against Plaintiffs' satisfaction of the numerosity requirement. Because numerosity is uncontested by Defendants, the Court finds that, given the impracticability of joining potential class members, Plaintiffs have satisfied the numerosity requirement.

**B.   Commonality**

Rule 23(a)(2) requires the existence of "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). As noted by the Supreme Court, commonality requires that Plaintiffs

"demonstrate that the class members 'have suffered the same injury,'" not "'that they have all suffered a violation of the same provision of law.'" *Wal-Mart Stores*, 564 U.S. at 350. Thus, the claims of a class must depend upon a common contention, and that contention must be capable of class wide resolution. *Id*; *see also Glazer*, 722 F.3d at 852. "This inquiry focuses on whether a class action will generate common answers that are likely to drive resolution of the lawsuit." *Glazer*, 722 F.3d at 852 (citation omitted).

Plaintiffs, in their Second Amended Complaint, state that there are five common questions of law and fact: (1) whether Defendants and/or other affiliates or subsidiaries of Defendants made non-emergency calls to the Parchmans' and Class members' cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice; (2) whether Defendants can meet their burden of showing they obtained prior express written consent (i.e., consent that is clearly and unmistakably stated) to make such calls; (3) whether the complained of conduct was knowing and/or willful, (4) whether Defendants are liable for damages, and if so the amount of such damages; and (5) whether Defendants should be enjoined from engaging in such conduct in the future. (ECF No. 133, 8–9.) Here, Defendants make no argument against Plaintiffs' satisfaction of the commonality requirement. Because commonality is uncontested by Defendants, the Court finds that Plaintiffs have satisfied the commonality requirement.

## C. Typicality and Adequacy of Ann and April Parchman

It is well established that the adequacy of the representation requirement of Rule 23(b)(4) overlaps with the typicality requirement of Rule 23(b)(3). *See In re Am. Med. Sys.*, 75 F.3d at 1083. "[I]n the absence of typical claims, the class representative has no incentives to pursue the claims of the other class members." *Id.* In their Motion, Defendants only raise issues with the adequacy requirement. In considering their arguments, it appears to the Court that Defendants

were essentially conflating the typicality and adequacy requirements.[1]  Accordingly, the Court will analyze both prongs together.

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical under the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "[A] plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." *In re Am. Med. Sys.*, 75 F.3d at 1082.

Rule 23(b)(4) requires class representatives to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(b)(4).  This requirement "serves to uncover conflicts of interest between named parties and the class they seek to represent." *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 562 (6th Cir. 2011) (citation omitted).  Furthermore, "[a] class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Id.*  In determining adequacy, the Court must look to two factors:  "1) the representatives must have common interests with unnamed members of the class, and 2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel." *In re Dry Max Pampers Litigation*, 724 F.3d 713, 721 (6th Cir. 2013) (citation omitted); *see also Cross v. Nat'l Trust Life Ins. Co.*, 553 F.2d 1026, 1031 (6th Cir. 1977) ("In making the determination of adequacy of representation the district court should consider the experience and

---

[1] As an aside, the Court notes that at the heart of the Defendants' arguments against allowing Ann and April Parchman to serve as class representatives is the idea that both lack standing. If, however, Defendants were truly concerned about their standing, a motion to dismiss for lack of subject matter jurisdiction would be the more direct route to take.  *See Metro Hydroelectric Co., LLC v. Metro Parks*, 541 F.3d 605, 610 (6th Cir. 2008) ("Considering whether jurisdiction to hear a case exists is the 'first and fundamental question presented by every case brought to federal courts.'" (citation omitted)); *see also Miami Valley Fair Hous. Ctr., Inc. v. Connor Grp.*, 725 F.3d 571, 576 (6th Cir. 2013) ("[S]tanding goes to a court's subject matter jurisdiction.").

ability of counsel for the plaintiffs and whether there is any antagonism between the interests of the plaintiffs and other members of the class they seek to represent."). The named class representative need not be "the best of all possible plaintiffs." *Ballan v. Upjohn Co.*, 159 F.R.D. 473, 482 (W.D. Mich. 1994). She or he only need to be adequate.

Defendants argue that "a class representative must have a claim that is typical of those held by the alleged class members, which includes the requirement of individual standing" and that both Ann Parchman and April Parchman lack individual standing. (ECF No. 140, 9 & 13–14.) Because neither April Parchman nor Ann Parchman have valid claims, they are not adequate class representatives since their nonexistent claims are not typical of the class, according to Defendants.

First examining Ann Parchman, Defendants argue that she is not an adequate class representative because there are doubts surrounding the sharing of the cell phone with her son and she was not involved in the case for more than one year. (ECF No. 140, 14.) The Court, however, is not to inquire into the merits of the case at the class certification stage. *See Eisen*, 417 U.S. at 177 ("We find nothing in either the language or history of Rule 23 that gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action."). The Second Amended Complaint clearly states that Ann Parchman and J. Parchman shared a cellular telephone, and "[s]ometimes Jeffrey answered the calls and sometimes Ann answered the call." (ECF No. 133, 5–6.) Defendants have taken the Court's prior skepticism about Ann Parchman's claims out of context when Defendants state, "the Court was properly skeptical of [Ann's] claims in the July 18, 2017 Order." (ECF No. 140, 14.) The Court's concern was expressed in the context of Plaintiffs' counsel's supposed zealous representation. This Court, as well as the Sixth Circuit, never questioned whether Ann Parchman truly shared the cellular phone with her son. Her individual claims that she allegedly received calls from

8

Defendants in violation of TCPA are the same as the claims of the unnamed class members. Thus, the typicality requirement is satisfied. Because Ann Parchman's claims are typical of the class, she also has the opportunity to be a class representative. Further, Defendants have not suggested she will not fairly represent the class' interests through the assistance of counsel or that she has interests contrary to the class. Ultimately, the Court will not preclude class certification and will not strike class allegations simply because Defendants are allegedly concerned about "details [that] will be addressed in discovery." (ECF No. 140, 14.) Ann Parchman's claims are typical and she appears to be an adequate class representative.

Turning next to April Parchman, Defendants first argue that she has not suffered a personal injury at the hands of Defendants and thus cannot serve as a class representative. It is true that she may not have suffered a personal injury. However, the Sixth Circuit's ruling makes clear that "[a]s the substituted party, the daughter would not be asserting her own claim or seeking vindication of her own injury; instead, she would be asserting her father's claims on his behalf." *Parchman*, 896 F.3d at 742, n. 8. It is irrelevant to the class certification process, and the typicality and adequacy requirements, that April Parchman has no personal claims against Defendants. All that matters is whether April Parchman can serve as J. Parchman's successor in interest with regards to his TCPA claims.

As for Defendants' argument that "no evidence exists to support the conclusion that [J. Parchman] suffered any concrete and particularized injury as a result of the phone calls that he received," the Court, once again, will not inquire into the merits of the case at the class certification stage.[2] *See Eisen*, 417 U.S. at 177. The Second Amended Complaint states, "[t]he Parchmans

---

[2] The Court also notes, there is no evidence to the contrary—that is, there is no evidence to support the conclusion that Parchman did *not* suffer any concrete and particularized injury.

9

received repeated, harassing calls at all hours from callers either acting on behalf of, acting as agents of, or calls directly from Defendants," which is also the basis for the claims of the unnamed class members. (ECF No. 133, 6.) Accordingly, April Parchman's claims, asserted as the successor in interest to her father, are typical of the class, and she stands to be an adequate class representative. Defendants have not suggested that April Parchman will not fairly represent the class's interests through the assistance of counsel or that she has interests contrary to the class. There is no reason to believe April Parchman will not vindicate both her father's and the class's claims.

Defendants make an additional argument that April Parchman is an atypical class representative because as a successor-in-interest, she is subject to unique defenses. (ECF No. 140, 13.) "The focus of [a] court's typicality inquiry is whether the named plaintiff is subject to unique defenses that will 'usurp a significant portion of the litigant's time and energy' and endanger absent class members from receiving appropriate representation due to the named plaintiff's preoccupation with defenses unique to it." *In re Accredo Health, Inc. Securities Litigation*, No. 03-2216-DP, 2006 WL 1716910, at *3 (W.D. Tenn. Apr. 19, 2006) (citation omitted); *see also Ross v. Abercrombie & Fitch Co.*, 257 F.R.D. 435, 447 (S.D. Ohio 2009) ("A plaintiff may not be an adequate representative if that plaintiff is subject to unique defenses that place it in a position that is antagonistic to the interests of the class."). While Defendants were not entirely clear in their Motion, Defendants seem to assert that April Parchman is subject to the defense of no individual standing. As the Court previously explained, April Parchman *does* have individual standing as J. Parchman's successor in interest.

Defendants' Motion to Preclude Class Certification and Strike Class Allegations on the basis of typicality of claims and adequacy of class representatives is DENIED.

**D.      Adequacy of Class Counsel**

While the Court has concluded that both Ann and April Parchman are adequate class representatives with typical claims, there is one more step in the analysis. It must also be clear that the class representatives are assisted by qualified class counsel. *See Senter v. Gen. Motors Corp.*, 532 F.2d 511, 525 (6th Cir. 1976). Rule 23(g)(1)(A) provides that a court must consider four factors before appointing class counsel: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A). Furthermore, the court may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class. Fed. R. Civ. P. 23(g)(1)(B). The unprofessionalism or misconduct of class counsel, and even conduct not necessarily prejudicial to the class, raises serious doubts as to the adequacy of class counsel and its ability to properly represent the class. *Reliable Money Order v. McKnight Sales, Co.*, 704 F.3d 489, 499 (7th Cir. 2013).

Assessing the qualifications, competency, and adequacy of class counsel is important because class certifications have far-reaching implications. Thus "a court must in the broadest sense be satisfied that the fiduciary duties and responsibilities of . . . the class counsel will be conscientiously, fairly, and justly discharged in order to protect the interests of the class." *Ballan v. Upjohn Co.*, 159 F.R.D. 473, 479 (W.D. Mich. 1994). However, "the practice of law is in many ways highly individualistic and what may appear incompetent to one observer might be considered highly innovative and appropriate to another." *Id.* at 487. "[I]t is not reputation built upon past practice, but rather competence displayed by present performance, which demonstrates the

adequacy of counsel in a class action." *Id.* (citing *Johnson v. Shreveport Garment Co.*, 422 F.Supp. 526, 535 (W.D. La 1976) ("Counsel need not come to court with a resume and character references with which to prove his effectiveness; rather, his or her conduct in pretrial matters, discovery and the trial itself will be evidence of his or her capabilities adequately to represent the class.").

After reviewing the entire record, the Court finds Plaintiffs' counsel to be qualified to represent the class. Plaintiffs' counsel argues that he has "identified viable claims for a class of at least 10,000 members" and has "saved the claims of the class from extinguishment by prevailing on an issue of first impression in the federal appellate courts," as well as committing "considerable resources to the case . . ." (ECF No. 145, 2–3.) These facts indicate to the Court that Plaintiffs' counsel satisfies the Rule 23(g)(1)(A) requirements.

Defendants raise no specific arguments about Plaintiffs' counsel's (1) prior experience, (2) work done on the case, (3) knowledge of the applicable law, or (4) available resources to represent the class. Defendants only argument is that the Court has already ruled Plaintiffs' counsel was not adequate and "[n]othing has changed in this case that should alter the Court's determination." (ECF No. 140, 9–10.) Furthermore, Defendants assert "[t]he Sixth Circuit's ruling relates to the question of whether Jeffrey Parchman's TCA claim survived his death," which is only relevant to "whether April Parchman has a claim and whether the individual case can continue." (ECF No. 140, 10.) However, the Sixth Circuit's ruling directly affects this Court's review of the adequacy of Plaintiffs' counsel's representation.

The Court was previously concerned about, and frustrated with, Plaintiffs' counsel's performance in the case because counsel engaged in settlement discussions for months without the presence of, or adequate communication with, his (dead) client. This was in direct violation of the Court's mediation order. (ECF No. 91, 11.) This behavior left the Court with the "inescapable

conclusion that counsel's primary concern [was] for his own position rather than the position of the class generally or his client specifically." (ECF No. 91, 11–12.)  Although those concerns remain for the most part, they are diminished in light of the Sixth Circuit's ruling.  We now know that Parchman's TCPA claims survived his death.  Thus, Plaintiffs' counsel's work was not useless, contrary to Defendants' beliefs.  (*See* ECF No. 140, 10–11.)  Instead, Plaintiffs' counsel was working on behalf of the entire class—a class whose class representative may have been dead, but whose class representative's claim was still valid.  Plaintiffs' counsel was unaware of their client's death at the time they were engaging in mediation sessions.  Although that continues to be of concern to the Court, it is not solely dispositive of the Court's inquiry into whether Plaintiffs' counsel will adequately protect the many interests of the entire class.  Regardless, the Court must remember that "what may appear incompetent to one observer might be considered highly innovative and appropriate to another." *Ballan*, 159 F.R.D. at 487.  Plaintiffs' counsel was not alarmed at not hearing from their client in eight months, and there is no better judge of what is normal for a client than the attorney himself.  As Plaintiffs' counsel explains:

> . . . Mr. Parchman's death had nothing to do with the fact that he did not attend the mediation.  Neither plaintiff attended, because . . . they had given counsel full authority to attempt to negotiate a settlement on behalf of the class.  This is typical in class actions since counsel has a duty to the entire class and such settlements are not subject to the approval of any one member, including the named plaintiffs.

(ECF No. 145, 4.)  It is still curious that Plaintiffs' counsel makes such an argument.  The mediation order clearly required the presence of individuals with full settlement authority.  All counsel had to do was request relief from such requirement.  Obviously, Plaintiffs' counsel  felt no need to do so.  In the final analysis, however, the Sixth Circuit accepted Plaintiffs' counsel's explanation and remarked that "even if Plaintiffs' counsel did have a duty to disclose the 'fact of death to a tribunal,' it is not clear that counsel acted in bad faith, especially where Plaintiffs'

13

counsel had been sending Parchman email updates and leaving voicemails." *Parchman*, 896 F.3d at 737.

Because the Court is not convinced that any of Plaintiffs' counsel's actions surrounding J. Parchman's death were prejudicial to the class or an indication of being inadequate to represent the class, and because the Court believes Plaintiffs' counsel fulfills the basic requirements of Rule 23(g)(1)(A), the Court finds Plaintiffs' counsel adequate. Defendants' Motion to Preclude Class Certification and Strike Class Allegations on the basis of inadequate counsel is DENIED.

## CONCLUSION

For the foregoing reasons, the Court finds that Defendants' Motion to Preclude Class Certification and Strike Class Allegations is **DENIED**.

**IT IS SO ORDERED** this 18th day of October 2019.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
United States District Judge